**Related Case Statement**

Plaintiff Marvel Characters, Inc. asks that this case be deemed related to *Marvel Characters, Inc. v. Kirby*, No. 10-cv-141 (S.D.N.Y.), *aff'd*, 726 F.3d 119 (2d Cir. 2013), and to two cases filed contemporaneously with this complaint—one against defendant Keith A. Dettwiler and one against defendant Patrick S. Ditko—because doing so will serve "the interests of justice and efficiency," Local Rule 13(a)(1).  Under Rule 13(a)(1), this Court considers the following criteria in determining relatedness: whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay or undue burden on the Court, parties or witnesses.  Each of these criteria is satisfied here.

*First*, all four cases concern substantially similar parties:  As in *Kirby*, Marvel is the plaintiff and the defendant are artists who, like Kirby, were supervised by the same Marvel employee, Stan Lee.  Additionally, both *Kirby* and the three cases filed today concern substantially similar property: copyrights in certain comic books and characters.  And all four cases concern substantially similar transactions: Marvel's work-for-hire arrangements with artists in the 1960s and 1970s.

*Second* and relatedly, because the cases have significant factual and legal overlap, they rely on much of the same evidence.  As in *Kirby*, that evidence includes proof that the artists created their work at Marvel's instance and expense.

*Third*, if these cases are not related, there is a potential for a multiplicity of inconsistent rulings among each of the cases and with *Kirby*, where this Court already held that Jack Kirby's contributions were works made for hire.

*Fourth*, requiring the cases to be litigated separately would require significant duplication of effort for the court, the parties, and witnesses. For example, the parties would likely have to take testimony repeatedly from the same Marvel artists and employees; they would have to produce many identical documents in discovery; and they would have to brief the same legal questions on virtually identical facts.

Although this Court's Rules provide that "civil cases presumptively shall not be deemed related unless both cases are pending before the Court (or the earlier case is on appeal)," Local Rule 13(a)(2)(B), the plain meaning of that Rule is that it establishes a *presumption*. By definition, presumptions may be "rebutted" where appropriate. *See Presumption*, Black's Law Dictionary (6th ed.). Marvel has rebutted the presumption against relating pending cases to closed cases because, for the reasons provided above, relating all four cases would serve the overriding purpose of related-case designations by conserving the Court's and the parties' resources. Marvel accordingly asks the Court to relate all four cases and assign them to the judge who decided *Kirby*, the Honorable Judge Colleen McMahon. In the alternative, and to the extent this Court concludes that Marvel has not rebutted the presumption against relating pending cases to closed cases, Marvel asks that this Court deem related the three cases it files with this Court today.