# TOBEROFF & ASSOCIATES, P.C.

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
mtoberoff@toberoffandassociates.com

July 27, 2022

<u>Via CM/ECF</u>

The Honorable Lewis A. Kaplan
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

**RE:** *Marvel Characters, Inc. v. Lieber*, **No. 21-cv-07955-LAK** *and consolidated cases* **21-cv-7957-LAK and 21-cv-7959-LAK**

Dear Judge Kaplan:

      On behalf of Defendants, we write to briefly reply to Marvel's circular July 27, 2022 response letter. Your Honor's Individual Rules make clear that "Discovery disputes should be raised with the Court promptly once it is clear that the issues cannot be resolved by agreement." Defendants propounded their RFPs in February 2022 and met and conferred with Marvel for several months in a good faith effort to resolve the issues by agreement. *See Lieber*, Dkt. 43-8 - 43-23 (Defs' Exs. 7-22). Defendants brought their motion to compel after making clear to Marvel that they would do so if Marvel did not produce the requested documents. *See Lieber*, Dkt. 43-20 at 4 ("If Marvel does not produce the responsive documents . . . by June 21, 2022, Defendants will have no choice but to move to compel."). Marvel failed to do so.[1]

      While Marvel's opposition is replete with dense footnotes, it is exceedingly thin as to the document searches it *actually* conducted (e.g., which search terms were used; where physical searches were conducted; in which categories). *See e.g.*, *Lieber*, Dkt. 44 at 4 (merely "MCI has searched for and reviewed both electronic and hard copy documents."). Moreover, these cases are distinct from the *Kirby* case, involving a different creator and different works. Defendants possess their own discovery rights and propounded RFPs particular to their cases. Defendants are not bound by what Marvel failed to produce in a different case a decade ago.

      Marvel could not cite any documents produced[2] which contradicted Defendants' assertion that Marvel produced almost no relevant documents between 1961-1974, the period in question. Strong inferences can be drawn from this failure that go far beyond mere "speculation." It is simply not credible for Marvel to blame this troubling void on the age of documents from the 1960s as this is not so long ago and Marvel has been sued repeatedly for rights issues since 1966.

---

[1] Marvel's responses to a defendant's interrogatories in a separate case and jurisdiction do not moot this motion.

[2] *See e.g.*, *Lieber*, Dkt. 44 at 4 n.7. For example, 2021MARVEL-0054700 is a voucher from 1973 for "Tom Palmer," irrelevant to these cases. 2021MARVEL-0023916 is a 1976 document from "Barry" to "Stu", who having nothing to do with these cases. 2021MARVEL-0050287 is an undated letter from Stan Lee to Roy Thomas claiming to have found a *Fantastic Four* synopsis (a work not at issue herein). 2021MARVEL-003663 is a random page from a comic book. Unsurprisingly, none of this contradicts Defendants' motion.

**TOBEROFF & ASSOCIATES, P.C.**

                                                    Respectfully submitted,

                                                    */s/ Marc Toberoff*

                                                    Marc Toberoff
                                                    Toberoff & Associates, P.C.
                                                    Attorneys for Defendants