# Exhibit 8

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
jparkkinen@toberoffandassociates.com

April 12, 2022

Via Email

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

**RE:**  **March 24, 2022 Meet and Confer Follow Up**
*Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv- 07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico*, No. 2:21-cv-07624-DMG-KES

Dear Molly:

We write in response to the parties' March 24 conference and to confirm the mutual understanding of the parties. *First*, this letter will cover the parties' understanding with respect to Defendants'[1] March 16, 17, and 22 letters. *Second*, this letter will address the parties' understanding with respect to Marvel's March 22 and April 5 letters.

## Defendants' Requests for Production

## Marvel's "Rolling" and Agglomerated Production

Marvel stated it would complete its initial production by the end of May, though Marvel noted that this date would need to be extended if production were expanded. Please provide Defendants with a date certain on which Marvel's initial production will be complete.

With respect to the issue of Marvel's agglomerated production, Marvel agreed to produce documents that, on their face (in addition to any electronic metadata) identified to which cases those documents pertained. The parties agreed that the case identifiers on the documents would not prejudice the rights of the parties to use those documents in the other termination cases. We received Marvel's revised first round of production and its second round of production on April 11, 2022 which appear to comply with the parties' agreement.

---

[1] Buz Rico, Michele Hart-Rico, Erik Colan, Nanci Solo, Keith A. Dettwiler, Patrick S. Ditko, and Lawrence D. Lieber are collectively referred to herein as "Defendants."

# TOBEROFF & ASSOCIATES, P.C.

April 12, 2022
Molly M. Lens
Page: 2

## Marvel's Incongruous Definitions

### A. Definition of "AGREEMENT"

Marvel agreed to amend responses so that its responses use Defendants' (and Marvel's) definition of "AGREEMENT," that is, "any contract, whether written or oral, express or implied." Marvel's prior restricted definition of "AGREEMENT" affected its responses to the following requests:

Dettwiler RFP Nos. 1, 2, 6, 12, and 27; Ditko RFP Nos. 1, 2, 4, 7, 13, and 29; Lieber RFP Nos. 1, 2, 4, 7, 8, 15, 16, 31, and 45; Rico RFP Nos. 1, 2, 4, 18, and 28; Colan RFP Nos. 1, 2, 6, 7, 13, 26, and 39.

We ask that Marvel serve amended responses to these requests and provide a date certain for service of these amended responses.

### B. Definition of "MARVEL"

Marvel agreed to produce documents in Marvel's possession, custody, or control, regardless of which Marvel entity or predecessor originated or possesses the document. Marvel additionally agreed to confirm this in writing.

Marvel's responses to the following requests were affected by Marvel's restricted definition:

Dettwiler RFP Nos. 1, 2, 5, 10, 13, 15, 17, 18-20, 23, 25, 26, 38, and 39; Ditko RFP Nos. 1, 2, 4, 6, 11, 15, 17, 19-22, 25, 27, 28, 40, 41, 43, and 44; Lieber RFP Nos. 1, 2, 4, 6, 7, 12, 18, 19, 23, 24, 27, 29-37, 40, 42-44, 58, and 59; Rico RFP Nos. 1, 2, 4, 6, 7, 12, 16, 18-21, 24, 26-34, 37, 39-41, and 43; Colan RFP Nos. 1, 2, 5, 6, 11, 14, 17, 18, 21, 22, 24-32, 36-38, 51, and 52.

We ask that Marvel serve amended responses to these requests and provide a date certain for service of these amended responses.

## Marvel's Overly Restrictive Limitation of the Relevant Time Periods

### A. Agreement Time Limitations

Marvel agreed to produce any agreements with Don Heck, Larry Lieber, Steve Ditko, Gene Colan, and Don Rico (collectively, the "Creators") unbounded by time. As such, we request that Marvel serve amended responses to the following requests:

Dettwiler RFP Nos. 1 and 2; Ditko RFP Nos. 1, 2, and 4; Lieber RFP Nos. 1, 2, and 4; Rico RFP Nos. 1, 2, and 4; Colan RFP Nos. 1 and 2.

Defendants have received Marvel's sample vouchers. Given that these sample "vouchers" are not

# TOBEROFF & ASSOCIATES, P.C.

April 12, 2022
Molly M. Lens
Page: 3

just bookkeeping entries, but instead, take the form of substantive agreements with "work for hire" language: (a) Defendants of course require that Marvel produce any and all vouchers relating to the Works listed in Defendants' respective termination notices at issue; (b) to the extent Marvel has no such vouchers for any given Work in its possession, custody of control, Defendants ask that Marvel produce sample vouchers from the relevant year in which such Work was published; and (c) Defendants request that Marvel produce the earliest dated voucher it has that contains the same agreement language found in 2021MARVEL-0007289, and produce the earliest dated voucher Marvel has that contains *any* "work for hire" language. Please produce these vouchers and provide a date certain for service of these amended responses and production of vouchers.

### B.  Documents Evidencing Stan Lee's Employment

Marvel agreed to produce all of Stan Lee's ("Lee") employment agreements unbounded by time, as well as other indicia of employment such as hiring documents, payment documents, tax records, and/or letters in which Marvel or Lee held Lee out as being employed by Marvel or any of Marvel's alleged predecessors or affiliates.

We request amended responses to the following requests confirming Marvel's agreement to produce these employment documents:

Dettwiler RFP No. 6; Lieber RFP No. 7; Ditko RFP No. 7; Rico RFP Nos. 6-8; Colan RFP No. 7.

Beyond the agreed upon categories of documents outlined above, Defendants requested that Marvel identify other categories of documents that might indicate Lee's employment with Marvel, as Marvel is in a better position to know which kinds of documents it does and does not have.

In Marvel's amended responses, please identify other categories of Lee employment documents Marvel will be producing. In addition, please provide a date certain for service of these amended responses.

### C.  Documents Evidencing Martin Goodman's Relationship to COPYRIGHT CLAIMANTS

Marvel agreed to produce documents evidencing Martin Goodman's relationship to the COPYRIGHT CLAIMANTS as defined in Defendants' RFPs. We request that Marvel amend its responses to the following requests, confirming Marvel's agreement:

Dettwiler RFP No. 12; Lieber RFP Nos. 15 and 16; Ditko RFP No. 13; Rico RFP No. 14; Colan RFP No. 13.

In addition, please provide a date certain for service of these amended responses.

**TOBEROFF & ASSOCIATES, P.C.**

April 12, 2022
Molly M. Lens
Page: 4

### D.  Documents Evidencing Each Creator's Freelance/Employment Status

Marvel agreed to continue to meet and confer about enlarging the time period for documents responsive to the following requests:

Dettwiler RFP Nos. 17 and 18; Lieber RFP Nos. 29 and 30; Ditko RFP Nos. 19 and 20; Rico RFP Nos. 25-27; Colan RFP Nos. 23-25.

Defendants suggest that the time period be limited to 1955-1985 given the obvious relevance of these requests. Please confirm Marvel's agreement to produce documents within this date range.

### E.  Creators' Payment Records

Marvel agreed to produce all payment documents that it could electronically search for unbounded by time. The parties agreed to exclude production of hardcopy payment documents from the 1980s and 1990s currently held in offsite storage, with the exception of the "vouchers" as described above. We request amended responses to the following requests confirming Marvel's agreement to these terms:

Dettwiler RFP No. 19; Lieber RFP No. 32; Ditko RFP No. 21; Rico RFP No. 29; Colan RFP No. 27.

In addition, please provide a date certain for service of these amended responses.

### Marvel's Nonresponsive Answers

Defendants' requested documents evidencing the PERSON(S) with any ownership interest in the COPYRIGHT CLAIMANTS and documents showing the corporate relationship between COPYRIGHT CLAIMANTS and Marvel. During the conference, Defendants explained that production of the chain of title for the various works should be produced, but that the chain of title, alone, was insufficient. Defendants require documents showing the ownership of each COPYRIGHT CLAIMANT and the corporate relationships between the COPYRIGHT CLAIMANTS and Marvel or any of its alleged predecessors to determine exactly which entity, if any, is the putative statutory "author" of each of the alleged "works for hire" at issue, and thus which entity had the alleged power to claim and register the copyright to such works, which had the power to renew such copyrights, and whether any of the works have fallen into the public domain based upon registration or renewal by the wrong entity.

Marvel responded with "okay." Please confirm that Marvel will amend its responses and make a full production in response to the following important requests:

Dettwiler RFP Nos. 11 and 13, Ditko RFP Nos. 12, 14, and 15, and Lieber RFP Nos. 13, 14, 17, and 18; Rico RFP Nos. 13, 15, and 16; Colan RFP Nos. 12 and 14.

**TOBEROFF & ASSOCIATES, P.C.**

April 12, 2022
Molly M. Lens
Page: 5

**Marvel's Royalty Payments**

Marvel confirmed that it understood what a "royalty" payment is and agreed to produce documents showing any royalty payments to the Creators. Marvel stated it would make a proposal regarding the time period for royalty payments to the Creators. Please respond with Marvel's proposal with respect to the following requests:

Dettwiler RFP No. 38; Ditko RFP No. 43; Lieber RFP No. 58; Rico RFP No. 55; Colan RFP No. 51.

**Marvel's Payments to Other Creators**

Marvel indicated that it was amenable and stated that it would make a proposal regarding its search for payment documents for other creators during the relevant period in response to Dettwiler RFP No. 10, Ditko RFP No. 11, Lieber RFP Nos. 12, 27, 31, 36, and 37, Rico RFP Nos. 12, 28, and 33, and Colan RFP Nos. 31 and 32.

We again provide the following names as a nonexhaustive list to assist Marvel in searching for documents responsive to these requests: Stan Lee, Dick Ayers, Sam Rosen, Art Simek, Joe Sinnott, John Romita, Gary Friedrich, Bill Everett, Joe Maneely, Joe Simon, Jim Steranko, Neal Adams, Gaspar Saladino, Vince Colletta, Len Wein, Jack Abel, Glynis Oliver, Gerry Conway, Ross Andru, Frank Giacoia, John Costanza, Marv Wolfman, Mike Ploog, Archie Goodwin, Steve Englehart, Jim Starlin, Al Milgrom, Larry Hama, Doug Moench, Tony Isabella, Bill Mantlo, Ed Hannigan, Gray Morrow, Steve Gan, Dan Adkins, Roy Thomas, Alan Weiss, Tom Orzechowski, Mike Friedrich, and Mike Esposito.

Please provide Defendants with Marvel's proposal.

**Marvel Must Produce All Responsive, Non-Privileged Documents**

The parties have both agreed to produce responsive documents regardless of whether such documents are also in the public record, and, of course, not merely those documents on which they intend to rely. Defendants also agreed to limit their requests for press releases to exclude those that merely credit a Creator(s) in passing without further substantive relevance to the Creator or his creation of the work(s) at issue.

Given this agreement, we request that Marvel amend its responses to the following requests:

Dettwiler RFP Nos. 15 and 37; Ditko RFP Nos. 17 and 42; Lieber RFP Nos. 23, 24, and 57; Rico RFP Nos. 19, 20, and 54; Colan RFP Nos. 17, 18, and 50.

**Privilege Log**

Marvel and Defendants have agreed that any documents withheld under a claim of privilege

# TOBEROFF & ASSOCIATES, P.C.

April 12, 2022
Molly M. Lens
Page: 6

would be logged. Marvel and Defendants have also agreed that any such responsive documents could be logged on a categorical basis. The parties also discussed the timing for production of such logs within 14 or 30 days after the initial production is complete.

Please provide Defendants with Marvel's preference within this timespan.

\*       \*       \*

## Marvel's Requests for Production

As an initial matter, Defendants take issue with the various mischaracterizations bestrewn throughout Marvel's April 5, 2022 letter. Notwithstanding these colorful portrayals, Defendants provide the following responses with the hope that these meet and confer efforts remain constructive.

## Vague and Ambiguous Objections

Defendants are interpreting the requests in good faith and will produce responsive documents within their possession, custody, or control obtained through a reasonably diligent search.

## Requests Relating to James Steranko and Neal Adams

Defendants have agreed to produce documents, if any, in their possession, custody, or control obtained through a reasonably diligent search that are responsive to the requests regarding Steranko and Adams in Marvel's March 22 Letter ("Communications and/or Documents pertaining to (a) the Defendant's and/or Steranko's and/or Adams' employment relationship with Marvel, (2) ownership of and rights to the Works at issue in these actions (the "Works"), (3) contributions made by Defendants to the Works, (4) the "Marvel Method," and (5) any communications regarding the pending litigations and/or Defendants' claims in such lawsuits.").

## Ownership of Decedents' Termination Interest

Defendants have agreed to produce documents sufficient to show the ownership of Steve Ditko's, Gene Colan's, Don Heck's, and Don Rico's termination interests, including documents sufficient to show the respective ownership percentages of the termination interests under Section 304(c).

## Documents Subject to Confidentiality Requirements or Protective Orders

Marvel and Defendants have agreed that any documents withheld due to confidentiality requirements or protective orders would be logged as such. Marvel and Defendants have also agreed that any such responsive documents could be logged on a categorical basis.

## Assertions of Attorney-Client Privilege

Marvel and Defendants have agreed that any documents withheld under a claim of privilege

## TOBEROFF & ASSOCIATES, P.C.

April 12, 2022
Molly M. Lens
Page: 7

would be logged. Marvel and Defendants have also agreed that any such responsive documents could be logged on a categorical basis. The parties also discussed the timing for production of such logs within 14 to 30 days after the initial production is complete.

**Timing of Production**

Defendants hope to be able to make their initial production by the end of April 2022.

**Documents in the Public Record**

Marvel and Defendants have each agreed that they will produce responsive documents, regardless of whether such documents are also in the public record or equally accessible from third-party sources.

\*     \*     \*

Nothing in this letter should be construed as a waiver or limitation of any of Defendants' rights or remedies, all of which are reserved.

Very truly yours,

Jaymie Parkkinen