# Exhibit 9



O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number: 0903423-00392

April 19, 2022

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

Jaymie Parkkinen
Toberoff & Associates
23823 Malibu Road, Suite 50-363
Malibu, California 90265

**Re:** *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico, No. 2:21-cv-07624-DMG-KES*

Dear Jaymie:

I write in response to your April 12, 2022 letter regarding the parties' respective requests for production and responses thereto.

**I.   Defendants' Requests for Production.**

As an initial matter, your letter is inaccurate with respect to the substance of the parties' March 24 discussion. In particular, your letter repeatedly claims that MCI agreed to certain discussed potential compromises, even though MCI never agreed but rather was clear that it was only *willing* to consider to such proposals. We will not undertake the efforts to correct all such misstatements and overstatements here, especially given how pervasive such errors are. But, going forward, we ask that you take care to ensure that you do not misstate our position, which will help ensure that the parties' meet-and-confer discussions are productive and prevent the proliferation of inefficient back-and-forth correspondence to correct the record.

   **a.   MCI's Productions**

Thank you for confirming that MCI's provision of case identifying information, where applicable, moots Defendants' objections to MCI's omnibus production across all pending matters. As stated previously, MCI reserves all rights with respect to the accuracy of such information and all documents are being produced in all cases. In addition, we remind you that case identifying information will not be provided for all documents. As one example, MCI will not be providing case identifying information for its prior productions in *Kirby*.[1]

---

[1] Please understand that MCI's agreements in this letter are not a concession that its prior positions were not appropriate. Case in point, MCI's agreement as to its consolidated production remains exactly as it

O'Melveny

As to the timing of MCI's productions, MCI notes that it has continued to produce documents in good faith, notwithstanding Defendants' failure to even commence their productions. MCI will continue to produce documents in good faith and indicated its hope that it could substantially complete its document productions by the end of May. However, as the parties are continuing to discuss the scope of documents that MCI will agree to produce, MCI necessarily cannot commit to a date certain for the substantial competition of its productions (and MCI notes that it has already agreed to expand its production since providing that tentative initial estimate). MCI also notes that Defendants have not provided any estimate as for a completion date for its productions.

### b. MCI's Definitions

While maintaining its objection as to the feasibility of searching for oral or implied agreements, MCI will amend its General Objection No. 25 to confirm that MCI will produce any identified documents memorializing any oral or implied agreements.[2] MCI will agree to produce its amended responses and objections within two weeks of the conclusion of the parties' meet-and-confer discussions on Defendants' objections to MCI's responses.

MCI will also amend General Objection No. 27[3] to confirm that, without conceding that it has any obligation to do so, to the extent that MCI determines through a reasonably diligent inquiry that another Marvel entity, such as Marvel Entertainment, LLC, has responsive documents, MCI will similarly produce such documents.

### c. Time Period Limitations

#### i. Agreements with the Defendant Contributors (Dettwiler RFP Nos. 1 and 2; Ditko RFP Nos. 1, 2, and 4; Lieber RFP Nos. 1, 2, and 4; Rico RFP Nos. 1, 2, and 4; Colan RFP Nos. 1 and 2

MCI will agree to produce all agreements, save vouchers, with Don Heck, Larry Lieber, Steve Ditko, Gene Colan, and Don Rico (collectively, the "Defendant Contributors"). As to vouchers, MCI confirms that it does not have any vouchers prior to 1987, which should moot Defendants' concerns. MCI, however, will nevertheless also agree to produce any vouchers that it identifies through electronic searches associated with the Defendant Contributors' names, but will not agree to undertake the burden to search for other vouchers.

---

was before, except that the case identifying information, where applicable, now appears on the face of the document, as opposed to solely in the metadata and accompanying spreadsheets.

[2] To be clear, MCI's agreement to serve amended responses is contingent on Defendants' reciprocal agreement to do so.

[3] General Objection No. 27 in Dettwiler, Ditko, Lieber, and Colan is the equivalent of General Objection No. 28 in Rico, which we will also amend accordingly.

### ii. Documents Evidencing Stan Lee's Employment (Dettwiler RFP No. 6; Lieber RFP Nos. 7 and 8; Ditko RFP No. 7; Rico RFP Nos. 7 and 8; Colan RFP Nos. 6 and 7)

MCI has not yet agreed to produce any additional documents but rather remains willing to meet and confer about these requests.  As we explained in our March 24 discussion, MCI still struggles with nebulous nature of these Requests, which is made even more burdensome when taking into consideration Stan Lee's decades and decades of employment at Marvel.  That said, provided it moots the parties' dispute, MCI is willing to agree to produce any employment Agreements (or any other Agreements with Lee relating to the future provision of services), hiring records, and letters and/or communications referring to Lee as an employee, freelancer, or independent contractor that are identified through a reasonably diligent search.  MCI notes that it does not have any documents reflecting the tax treatment of payments to Stan Lee for the provision of services during the relevant time period, as MCI only has such documents beginning in approximately 1998.  MCI will not produce those documents, given that privacy concerns significantly outweigh their probative value, in addition to the other objections MCI has raised with respect to these Requests.  Please confirm that this moots the parties' dispute.

### iii. Documents Evidencing Martin Goodman's Relationship to the Copyright Claimants (Dettwiler RFP No. 12; Lieber RFP Nos. 15 and 16; Ditko RFP No. 13; Rico RFP No. 14; Colan RFP No. 13)

MCI will agree to produce any non-privileged documents identified through a reasonably diligent search evidencing Goodman's ownership, in whole or in part, or employment by, any of the Copyright Claimants, as defined in Defendants' requests for production.

### iv. Documents Evidencing the Defendant Contributors' Employment Status (Dettwiler RFP Nos. 17 and 18; Lieber RFP Nos. 29 and 30; Ditko RFP Nos. 19 and 20; Rico RFP Nos. 26 and 27; Colan RFP Nos. 24 and 25)

MCI agrees to Defendants' proposal to limit these request to the time period 1955 to 1985 and will produce amended responses confirming its agreement to produce any employment Agreements (or any other Agreements with the Defendant Contributors relating to the future provision of services), hiring records, W-2s, documents reflecting the tax treatment of any such payments, and letters and/or communications referring to each Defendant Contributor as an employee, freelancer, or independent contractor that are identified through a reasonably diligent search, provided this moots the parties' dispute.  Please confirm.

### v. Defendant Contributors' Payment Records (Dettwiler RFP No. 19; Lieber RFP No. 32; Ditko RFP No. 21; Rico RFP No. 29; Colan RFP No. 27)

MCI will agree to produce responsive payment documents to the Defendant Contributors to the extent that it can identify such records through electronic searches identified with the Defendant Contributors' names.

> **d. Ownership of and Relationships Between the Copyright Claimants** (Dettwiler RFP Nos. 11 and 13, Ditko RFP Nos. 12, 14, and 15, and Lieber RFP Nos. 13, 14, 17, 18,19 and 20; Rico RFP Nos. 13, 15, and 16; Colan RFP Nos. 12 and 14)

MCI is willing to continue to meet and confer on these requests. Provided it moots the parties' disagreement, MCI will agree to produce non-privileged documents in its possession, custody, or control sufficient to show the relationship between the Copyright Claimants and Martin Goodman, as well as documents sufficient to show the corporate relationship between the Copyright Claimants and any other Marvel entity, if any such documents are identified through a reasonably diligent inquiry.

> **e. MCI's "Royalty" Payments** (Dettwiler RFP No. 38; Ditko RFP No. 43; Lieber RFP No. 58; Rico RFP No. 55; Colan RFP No. 51)

As MCI explained during the meet and confer, MCI's agreement to provide payment information is broader than the requested royalty information. As to the time period, subject to the limitations noted above, MCI will not impose a time limit on its production.

> **f. Payments to Third-Party Contributors** (Dettwiler RFP Nos. 10 and 19; Ditko RFP Nos. 11 and 21; Lieber RFP Nos. 12, 27, 31, 32, 36, and 37; Rico RFP Nos. 12, 23, 24, 28, 29, 33, and 34; Colan RFP Nos. 11, 21, 22, 27, 31 and 32)

MCI reiterates that these Requests impose a burden grossly disproportionate to the needs of this case insofar as they require searching for documents from fifty or sixty years ago relating to dozens of non-party contributors. That said, in addition to producing the documents it produced in *Kirby*, MCI will agree to produce agreements with, and payments to, Stan Lee, Steve Ditko, Larry Lieber, Don Heck, Gene Colan, Dick Ayers, Sam Rosen, Art Simek, Joe Sinnott, John Romita, Gary Friedrich, Bill Everett, Joe Maneely, Joe Simon, Jim Steranko, Neal Adams, Gaspar Saladino, Vince Colletta., Len Wein, Jack Abel, Glynis Oliver, Gerry Conway, Ross Andru, Frank Giacoia, John Costanza, Marv Wolfman, Mike Ploog, Archie Goodwin, Steve Englehart, Jim Starlin, Al Milgrom, Larry Hama, Doug Moench, Tony Isabella, Bill Mantlo, Ed Hannigan, Gray Morrow, Steve Gan, Dan Adkins, Roy Thomas, Alan Weiss, Tom Orzechowski, Mike Friedrich, and Mike Esposito during the 1960s and 70s.

> **g. Publicly Available Documents**

MCI confirms that it does not intend to withhold any responsive documents that it otherwise agrees to produce because the documents may also be available in the public record. That said, MCI does not agree to undertake a search for Defendants of documents in the public record, especially where it would be unduly burdensome for it to so.

In particular, as to Dettwiler RFP No. 15, Ditko RFP No. 17, Lieber RFP No. 24, Rico RFP No. 20, and Colan RFP No. 18, MCI has explained that it does not have a central repository for press releases, which are, by definition, publicly available. MCI will, however, agree to amend its responses to confirm that it will produce any responsive press releases that it identifies in response to its search for documents in response to Defendants' other requests.

As to Lieber RFP No. 23, Rico RFP No. 19, and Colan RFP No. 17, MCI does not agree to undertake a burdensome search for anything that it published about its history, which, again, is all publicly available. As a compromise, however, MCI has identified a number of introductions to books published by Marvel that either were written by Steve Ditko, Gene Colan, Don Heck, Don Rico, or Larry Lieber and/or contain interviews from such individuals and MCI will agree to produce these introductions.

Similarly, as to Dettwiler RFP No. 37, Ditko RFP No. 42, Lieber RFP No. 57, Rico RFP No. 54, and Colan RFP No. 50, MCI does not agree to undertake a burdensome search for all public interviews about the Works and any characters therein. As a compromise, however, MCI has identified a number of introductions to books published by Marvel that either were written by Steve Ditko, Gene Colan, Don Heck, Don Rico, or Larry Lieber and/or contain interviews from such individuals and MCI will agree to produce these introductions.

### h.   Privilege Logs

The parties' discussion about categorical logs was limited to documents withheld on the basis of a protective order in a prior matter. MCI does not agree that documents withheld on the basis of attorney-client privilege or the work product doctrine should be categorically withheld and will require Defendants to provide a document-by-document log, as MCI will similarly do. Please confirm the parties are in agreement.

As to the timing, MCI agrees to produce a privilege log within 30 days after any production corresponding to such withheld documents. Due to the rolling nature of MCI's production, please understand that there are no such documents associated with MCI's first two productions.

## II.   MCI's Requests for Production.

Please confirm that Defendants will produce amended responses, consistent with your letter, by May 3. As noted above, MCI's agreement to provide amended responses is contingent on Defendants' reciprocal agreement.

Further, please explain why Defendants cannot commence their productions before the end of April. Please also explain why Defendants contend they need to do rolling productions and a date for Defendants' anticipated competition of their productions.

## III.   MCI's April 11 Letters

We note that you have declined our April 18 request that you provide written responses to MCI's April 11 letters, which would have helped ensure that the parties' meet-and-confer discussion is productive, despite your unavailability to meet and confer on the issues raised in such letters until April 21.

*     *     *     *     *

O'Melveny

As noted in our April 18 email, we are available on April 21 at 10:00 am to continue the parties' meet-and-confer discussions and look forward to a productive conversation.[4]

Sincerely,

Daniel M. Petrocelli

---

[4] We recognize that you proposed Thursday afternoon but Mr. Toberoff has since confirmed his availability on Thursday morning.