# Exhibit 23

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>LAWRENCE D. LIEBER,<br><br>        Defendant. | Civil Action No. 1:21-cv-07955<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Marvel Characters, Inc. ("MCI"), for its complaint against defendant Lawrence D. Lieber ("Lieber"), alleges as follows:

## NATURE OF THE ACTION

1. Over its long history, MCI and its predecessors in interest (individually and collectively, "Marvel") have engaged numerous writers and artists to contribute to Marvel's comics. Lieber, who started working for Marvel in or around 1958, is one such writer. Marvel assigned Lieber stories to write, had the right to exercise creative control over Lieber's contributions, and paid Lieber a per-page rate for his contributions. As a result, any contributions Lieber made were at Marvel's instance and expense, rendering his contributions work made for hire, to which the Copyright Act's termination provisions do not apply. This case thus involves an invalid attempt, by means of termination notices purportedly issued under that Act, to acquire certain rights to iconic Marvel comic book characters and stories published between 1962 and 1964.

2. In virtually identical circumstances, this Court, as affirmed by the Second Circuit, granted Marvel summary judgment, finding that all of illustrator Jack Kirby's contributions between 1958 and 1963 were done at Marvel's instance and expense and thus were works made

for hire. Because termination rights do not exist for works made for hire, the Kirby heirs' termination notices—which covered many of the very same comics that Lieber's termination notices do—were held to be invalid and of no legal force or effect. *See Marvel Worldwide, Inc. v. Kirby*, 777 F. Supp. 2d 720 (S.D.N.Y. 2011), *aff'd in relevant part*, 726 F.3d 119 (2d Cir. 2013).

3. Similarly, the District Court for the District of Delaware held in *In re Marvel Entertainment Grp.*, 254 B.R. 817 (D. Del. 2000), that contributions by an individual similarly situated during the same period at issue here were works made for hire. There, a writer claimed that he owned certain characters during Marvel's bankruptcy proceedings. The district court rejected that claim, holding that all of the writer's work was done at Marvel's instance and expense and was thus work made for hire.

4. *Kirby* and *In re Marvel Entertainment* dictate the same result here. As with the artists in those cases, Marvel had the right to exercise creative control over Lieber's contributions and paid Lieber a per-page rate for his work. As with the artists in those cases, when Lieber worked for Marvel, he did so with the expectation that Marvel would pay him. And as with the artists in those cases, Lieber does not hold the copyright in the famous Marvel characters and comics on which he worked; rather, Marvel does, as evidenced by the relevant copyright registration notices themselves. Marvel thus brings this declaratory relief action, pursuant to 28 U.S.C. § 2201, in response to Lieber's improper attempt to acquire Marvel's intellectual property.

## PARTIES

5. MCI is a Delaware corporation with its principal place of business in Burbank, California. MCI owns the intellectual property contained in the comic books and characters at

issue.

6. Upon information and belief, Lieber is a resident and citizen of New York, New York.

### JURISDICTION AND VENUE

7. This is an action for declaratory relief brought under 28 U.S.C. §§ 2201, *et seq.*, and under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Lieber because he is domiciled in New York.

9. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Lieber resides in this District in New York, New York. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) for the additional reason that a substantial part of the events giving rise to this action occurred in this District. Specifically, most if not all of the contributions by Lieber were made in this District, and all of the comic books at issue were published in this District.

### ALLEGATIONS

10. At all relevant times, Lieber was engaged as a comic book writer by Marvel in New York, New York to contribute to various comic books (the "Works").

11. Any contributions Lieber made were at Marvel's instance and expense.

12. Marvel editorial staff had the right to exercise creative control over Lieber's contributions, and Marvel paid Lieber a per-page rate for his contributions. When Lieber worked for Marvel, he did so with the expectation that Marvel would pay him.

13. Lieber did not obtain any ownership interest in or to any contributions he made.

- 3 -

14. Marvel registered copyrights in and to the Works, which are copyrightable subject matter under the copyright laws of the United States. The Register of Copyrights recorded the registrations, as set forth in Exhibit 1 to this complaint. Marvel has complied in all relevant respects with all laws governing copyright.

15. Between approximately May 28 and August 4, 2021, Lieber served six notices of termination on Marvel. Lieber claims to have a sufficient interest in the Works to exercise purported rights of termination under the termination provisions of the Copyright Act, 17 U.S.C. § 304(c), and the regulations thereunder.

16. The notices specifically seek to "terminate all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to" certain "illustrated comic book stor[ies]" that were allegedly "authored or co-authored" by Lieber and published by Marvel between 1962 and 1964. The notices specify various effective termination dates, ranging from May 29 to August 5, 2023.

17. The comic book titles identified in the notices include *Tales to Astonish*, *Journey Into Mystery*, *Strange Tales*, and *Tales of Suspense*. The notices purportedly terminate alleged grants of copyright interests in all characters, story elements, and "indicia" in the comic books, as well as "all material" allegedly "authored or co-authored by Larry Lieber (in any and all medium(s), whenever created) that was reasonably associated with" these works and "registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c), and the" purported "effective date of this Notice of Termination."

18. True and correct copies of these notices are attached hereto as Exhibits 2 through 9.

- 4 -

## COUNT I: ACTION FOR DECLARATORY RELIEF
### [As to the Validity of All Notices]

19. Marvel repeats and realleges each allegation contained in paragraphs 1 through 18 of this complaint as if fully set forth herein.

20. Lieber has served Marvel with the termination notices described above. On information and belief, Lieber submitted the notices for recordation with the U.S. Copyright Office.

21. The notices are invalid as a matter of law because the Works were created as works made for hire, and there are no termination rights for works made for hire. *See* 17 U.S.C. § 304(c).

22. The Works were made for hire because they were created at Marvel's instance and expense.

23. Any contributions Lieber made to the Works were done at the instance of Marvel's editorial staff, who had the right to exercise creative control over Lieber's contributions.

24. Any contributions Lieber made to the Works were done at Marvel's expense because Marvel paid Lieber a per-page rate for his contributions, Lieber made those contributions to the Works with the expectation that Marvel would pay him, and Lieber did not obtain any ownership interest in or to his contributions.

25. Marvel has a real and reasonable apprehension of litigation over any claim by Lieber that Marvel's exploitation of the Works after the alleged termination dates infringes Lieber's purported rights.

26. There now exists between the parties an actual and justiciable controversy concerning the validity of the termination notices and Marvel's and Lieber's respective rights.

27. A declaration is necessary and appropriate at this time in light of the purported effective termination dates and the ongoing exploitation of the Works and the development of new works derivative of the Works.

28. Marvel has no adequate remedy at law.

29. Accordingly, Marvel seeks, pursuant to 28 U.S.C. § 2201, a judgment from this Court that the notices are invalid and therefore that Marvel will not lose its copyright interests in the Works on the alleged termination dates.

## PRAYER FOR RELIEF

WHEREFORE, Marvel prays for a judgment against Lieber as follows:

A. For a declaration that the termination notices are invalid;

B. For Marvel's attorneys' fees and costs incurred; and

C. For such other and further relief as the Court deems just and equitable.

- 7 -

Dated:  September 24, 2021

Respectfully Submitted,

**O'MELVENY & MYERS LLP**

By: */s/ Molly M. Lens*

Daniel M. Petrocelli*
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer*
dfeuer@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Kendall Turner*
kendallturner@omm.com
1625 I Street NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

* Pro hac vice admission pending

*Attorneys for Plaintiff Marvel Characters, Inc.*