EXHIBIT 4

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>      Plaintiff and Counterclaim-Defendant,<br><br>      v.<br><br>LAWRENCE D. LIEBER,<br><br>      Defendant and Counterclaimant. | Case No.: 1:21-cv-7955-LAK<br>and consolidated cases<br>21-cv-7957-LAK and 21-cv-7959-LAK<br><br>Hon. Lewis A. Kaplan |
| MARVEL CHARACTERS, INC.,<br><br>      Plaintiff and Counterclaim-Defendant,<br><br>      v.<br><br>KEITH A. DETTWILER, in his capacity as Executor of the Estate of Donald L. Heck,<br><br>      Defendant and Counterclaimant. | **DEFENDANT DETTWILER'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND INTERROGATORIES TO KEITH A. DETTWILER** |
| MARVEL CHARACTERS, INC.,<br><br>      Plaintiff and Counterclaim-Defendant,<br><br>      v.<br><br>PATRICK S. DITKO, in his capacity as Administrator of the Estate of Stephen J. Ditko,<br><br>      Defendant and Counterclaimant. | |

PROPOUNDING PARTY:   MARVEL CHARACTERS, INC.
RESPONDING PARTY:    KEITH A. DETTWILER
SET NO.:              TWO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"), Defendant and Counterclaim-Plaintiff Keith A. Dettwiler ("Defendant") hereby submits his responses and objections to Plaintiff's Second Interrogatories to Defendant and Counterclaimant Keith A. Dettwiler ("Interrogatories" and, individually, "Interrogatory"), served by Marvel Characters, Inc. ("Marvel"), as follows:

## PRELIMINARY STATEMENT

Defendant objects to Marvel's intentional violation of Local Rule 33.3. Given Marvel's service of these Interrogatories, Defendant understands that Marvel will not attempt to rely on Rule 33.3 with respect to any interrogatories served by Defendant. In addition, Defendant reserves all rights with respect to Marvel's conduct, including, but not limited to, seeking recovery of Defendant's fees associated with Marvel's Interrogatories.

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. These responses shall not be used in connection with any other proceeding.

No incidental or implied admissions are intended by these responses. The fact that Defendant responds or objects to any of the Interrogatories should not be construed as an admission that Defendant accepts or admits the existence of any facts assumed by such Interrogatory, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Defendant responds to part or all of any of the Interrogatories is not intended to be and shall

not be construed as a waiver of any part of any objection to any Interrogatory.

Defendant is still in the process of investigating the facts of this case and searching for responsive information and Documents, which is a particularly burdensome and expensive undertaking given that many of the relevant events took place decades ago. Nor has Defendant completed discovery or concluded preparation for summary judgment or, if necessary, trial. As a result, Defendant's objections and responses herein are preliminary and based on information and Documents that are presently available and specifically known to Defendant after having made a diligent search and reasonable and good faith inquiry, and are made without prejudice to Defendant's right to: (1) amend, alter, supplement, clarify or otherwise modify these objections and responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any Documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these objections and responses or the information and Documents referenced in response to Marvel's Interrogatories

In addition, Marvel has asserted, without authority, that its Second Set of Interrogatories will not count toward Marvel's 25-interrogatory Federal limit. Defendant however will be guided by the Federal and Local Rules and will count each interrogatory in Marvel's Second Set (and any subparts contained therein) toward Marvel's 25-interrogatory limit.

Furthermore, Defendant's responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1.        The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and

admissibility as evidence for any purpose of any information or Documents produced or identified in support of any of the responses to any portion of Marvel's Interrogatories;

2.      The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any information or Documents produced or identified in support of any of the responses to any portion of Marvel's Interrogatories;

3.      The right to object to introduction into evidence of any of these responses; and

4.      The right to object on any ground at any time to other discovery involving the subject thereof.

## **GENERAL OBJECTIONS**

Defendant objects to each particular Interrogatory on the following grounds, which are hereby incorporated within each response set forth below:

1.      Defendant objects to each and every Interrogatory, definition, and instruction that purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules. Defendant interprets each and every Interrogatory, definition, and instruction to be consistent with the Federal Rules of Civil Procedure and Local Rules.

2.      Defendant objects to each and every Interrogatory, definition, and instruction to the extent it contains argumentative, inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. Any response to any Interrogatory shall not constitute Defendant's agreement with or acquiescence to any such description.

3.      Defendant objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant will only disclose

information consistent with Defendant's responses below.

4.      Defendant objects to each and every Interrogatory, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested information with reasonable particularity. To the extent that an Interrogatory requires subjective judgment on the part of Defendant as to what information is requested, Defendant will disclose responsive, non-privileged information according to Defendant's understanding of the Interrogatory.

5.      Defendant objects to each and every Interrogatory, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. Defendant will only disclose information consistent with Defendant's responses below.

6.      Defendant objects to each and every Interrogatory to the extent it seeks information that is a matter of public record, already in the possession of Marvel, or otherwise equally available to the public and Marvel. Defendant objects to Marvel's Instructions on this same basis. That said, without committing to undertake a search specifically for information in the public record, Defendant will not withhold any responsive information that Defendant identifies in Defendant's files through a reasonably diligent search because it may also be available in the public record, but Defendant will not undertake a search of the public record for Marvel.

7.      Defendant objects to each and every Interrogatory to the extent that it seeks disclosure of information that is unreasonably cumulative or duplicative of other discovery served in this action, or is obtainable from sources that are more convenient, less burdensome, or less expensive.

8.      Defendant objects to each and every Interrogatory to the extent that it seeks to require Defendant to use more than reasonable diligence to locate and identify responsive information. Consistent with Defendant's obligations, Defendant will conduct a reasonably

diligent inquiry for responsive information and Documents.

9.    Defendant objects to the Interrogatories, including, but not limited to, the "Definitions" and "Instructions," including without limitation Instruction No. 1, to the extent they purport to impose any obligations upon Defendant that exceed those imposed by the Federal and Local Rules. Each response to these Interrogatories is based on Defendant's personal knowledge and a diligent and reasonable inquiry. *See Apple Hill Growers v. El Dorado Orchards*, 2022 U.S. Dist. LEXIS 86100, 2022 WL 1506205, at *40 (E.D. Cal. May 12, 2022) ("Plaintiff's counsel is correct that an individual answering interrogatories on his own behalf must answer according to his own personal knowledge; whereas corporate representatives answering interrogatories for a corporate party need not have personal knowledge and can instead answer based on available information."); *Turner v. Craig*, 2010 U.S. Dist. LEXIS 131661, 2010 WL 4975555, at *5-6 (N.D. Cal. Dec. 2, 2010) ("Defendants are individuals, not representatives of entities, and therefore they are only required to answer interrogatories based on their own personal knowledge.") (citing *O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("Thus, an individual party is treated differently than a party that is a business entity; the former must answer interrogatories based on personal knowledge, whereas the latter may answer interrogatories based on available information.").

10.    Defendant objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is not within Defendant's possession, custody, or control.

11.    Defendant objects to each and every Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable privilege or protection recognized under statute or applicable case law. Inadvertent

disclosure by Defendant of any information protected by any applicable privilege or protection shall not constitute a waiver, in whole or in part, of the privilege or protection.

12. Defendant objects to each and every Interrogatory to the extent it seeks Defendant's sensitive, confidential, or proprietary business information. To the extent such information is responsive, relevant, and not privileged, Defendant will disclose such confidential information pursuant to the Protective Order, and any subsequent revisions to that Protective Order upon which the Parties may agree.

13. Defendant objects to each Interrogatory, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information in advance of their respective deadlines under the Scheduling Order governing this case and/or the Federal Rules of Civil Procedure. Defendant will not disclose any expert materials or information before such deadlines.

14. Defendant objects to each and every Interrogatory to the extent it seeks information the disclosure of which would be prohibited by applicable law, rule, regulation, or contractual obligation. In particular, Defendant objects to each and every Interrogatory to the extent it seeks information subject to confidentiality obligations (such as settlement agreements with third-parties) or protective orders, such as the Documents produced by parties other than Defendant in prior litigations. Defendant cannot, and will not, identify any such information unless and until Defendant is relieved of the confidentiality obligations with respect to such information, and nothing contained in any response to any Interrogatory should be considered an agreement to identify such information.

15. Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Defendant as to the validity of any claim or defense asserted by Marvel.

16. All objections as to the relevance, authenticity, or admissibility of these responses

- 7 -

and any information referenced therein are expressly reserved by Defendant.

17. To the extent that Defendant responds to any of the Interrogatories, Defendant reserves the right to object on any grounds, at any time, to other discovery requests involving or relating to the subject matter of the Interrogatories that Defendant has responded to herein.

18. Defendant reserves all objections to the use of these responses. All such objections may be interposed by Defendant at the time of trial or as otherwise required by the rules or order of the Court.

19. Defendant's responses herein shall not in any way constitute an adoption of Marvel's purported "Definitions" of words or phrases or "Instructions" contained in the Interrogatories. Defendant objects to the Definitions, Instructions, and Interrogatories to the extent they: (i) are vague, ambiguous, compound, overbroad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on Defendant; (ii) seek information for an undefined period of time or, if defined, cover and span an unreasonably long or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure or Local Rules; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects. In responding to the Interrogatories, Defendant has, where possible, employed what Defendant regards as the reasonable, common-sense interpretation of the Interrogatory in light of the relevant issues in the case.

20. Defendant objects to each Interrogatory to the extent that it assumes the existence, relevance, materiality, truth, admissibility, or authenticity of any particular information, or assumes

the validity of any claim or defense. In responding to these Interrogatories, Defendant does not make any admissions or waive any rights or objections, all of which are expressly preserved.

21.     Defendant objects to each Interrogatory to the extent that it requires Defendant to draw a legal conclusion.

22.     Defendant reserves the right to revise, amend, or supplement Defendant's objections, responses, and/or production, and to use in discovery and at trial any information that is omitted as a result of mistake, inadvertence, or oversight. Defendant notes that discovery is ongoing and that Defendant's responses are based on the information that is presently available and specifically known to Defendant.

23.     Defendant objects to Instruction No. 6 to the extent that it purports to require Defendant to log information, as though the Interrogatories are requests for production. Defendant does not agree to provide privileged information or a privilege log with respect to these Interrogatories.

24.     The fact that Defendant may reassert particular objections in responding to individual Interrogatories should not be construed as limiting the generality of the foregoing objections. The General Objections set forth herein are asserted with respect to each and every Interrogatory.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Describe the steps that You have taken to preserve Documents and information Concerning Don Heck, the Works, and/or Marvel, Including (a) Documents Concerning interviews Concerning Don Heck, the Works, or Marvel; (b) Communications with any Authors, bloggers, reporters, publishers, fans, and/or other third parties Concerning the Works, Marvel, or Don Heck, Including

with Danny Fingeroth and David Currie; (c) Documents that state, memorialize, reflect, or Concern any Agreements between Don Heck and Marvel; (d) Documents Concerning compensation or payment for work Don Heck performed for Marvel and/or pursuant to the foregoing Agreements; and (e) other Documents Concerning Don Heck's work for Marvel, Including when any such steps were taken.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the grounds that it is overbroad and seeks information that is not relevant to either party's claims or defenses and imposes an undue burden on Defendant that is not proportional to the needs of the case. For example, the Interrogatory is plainly overbroad in that it seeks information regarding Defendant's Document-preservation efforts "Concerning Don Heck," when in fact, most Documents Concerning Don Heck, Defendant's uncle, are irrelevant to this case. Defendant further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the timeframe of the preservation efforts and vague and ambiguous as to what "preserve . . . information" means and how that is different than "preserve Documents." Defendant further objects to this Interrogatory on the grounds that information concerning Document-preservation efforts is more practically obtained through a deposition. *See* Southern District Local Rule 33.3(b).

Subject to and without waiving any of the foregoing General and specific objections, Defendant responds based on personal knowledge and a reasonable inquiry, Defendant's counsel instructed Defendant to make, and Defendant has made, a diligent effort to maintain all Documents

which Concern Don Heck and Marvel and/or the Works, and any Documents which might be at all relevant or requested in connection with Defendant's exercise of Defendant's termination rights under the Copyright Act. Such efforts commenced once it was reasonably expected that Defendant would exercise Defendant's termination interest in connection with the Works. Defendant reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

Identify which, if any, of Don Heck's Documents, Including (a) Documents Concerning interviews Concerning Don Heck, the Works, or Marvel; (b) Communications with any Authors, bloggers, reporters, publishers, fans, and/or other third parties Concerning the Works, Marvel, or Don Heck, Including with Danny Fingeroth and David Currie; (c) Documents that state, memorialize, reflect, or Concern any Agreements between Don Heck and Marvel; (d) Documents Concerning compensation or payment for work Don Heck performed for Marvel and/or pursuant to the foregoing Agreements; and (e) other Documents Concerning Don Heck's work for Marvel, You consider outside of Your possession, custody, or control and, for any such documents, identify who You believe has possession, custody, or control.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory on the grounds that it is overbroad and seeks information that is not relevant to either party's claims or defenses and imposes an undue burden on Defendant that is not proportional to the needs of the case. For example, the Interrogatory is plainly overbroad in that it seeks information regarding "Don Heck's Documents" without any limitation as to time or subject matter. Defendant objects to this Interrogatory insofar as it calls for speculation. Defendant further objects to this Interrogatory to the extent that it seeks information

protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving any of the foregoing General and specific objections, Defendant responds based on a reasonable inquiry, that Defendant has no personal knowledge or insufficient personal knowledge of the existence of responsive Documents outside Defendant's possession, custody, or control. Defendant has no personal knowledge or insufficient personal knowledge, but believes that an Author(s), blogger(s), reporter(s), publisher(s), fan(s), Danny Fingeroth, or David Currie, respectively, might possess some such Document(s) that are not in Defendant's possession, custody, or control. In addition, and notwithstanding the above, Defendant reasonably believes that Marvel likely possesses many such Documents, including but not limited to: (1) agreements with Don Heck; (2) payments to and tax treatment of Don Heck during the 1960s and 1970s; (3) Documents evidencing Marvel's alleged right to control Don Heck's creation of the Works; (4) Documents relating to Stan Lee's employment during the relevant period and payments made to him during that period; (5) Documents evidencing ownership interest in Atlas Magazines, Inc., Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Non-Pareil Publishing Corp., Vista Publications, Inc., and each of those entities' relationship to Martin Goodman and/or to Marvel; (6) Communications with Don Heck and/or Stan Lee; (7) Documents relating to Don Heck's employment/freelancer status with Marvel; and (8) plots, scripts, or outlines relating to the Works.

Defendant reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 3:**

Identify which, if any, of Don Heck's Documents, Including (a) Documents Concerning interviews Concerning Don Heck, the Works, or Marvel; (b) Communications with any Authors, bloggers, reporters, publishers, fans, and/or other third parties Concerning the Works, Marvel, or Don Heck, Including with Danny Fingeroth and David Currie; (c) Documents that state, memorialize, reflect, or Concern any Agreements between Don Heck and Marvel; (d) Documents Concerning compensation or payment for work Don Heck performed for Marvel and/or pursuant to the foregoing Agreements; and (e) other Documents Concerning Don Heck's work for Marvel, You consider lost or destroyed, how and why such Documents were lost or destroyed, and when.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory on the grounds that it is overbroad and seeks information that is not relevant to either party's claims or defenses and imposes an undue burden on Defendant that is not proportional to the needs of the case. For example, the Interrogatory is plainly overbroad in that it seeks information regarding "Don Heck's Documents" without any limitation as to time or subject matter. Defendant objects to this Interrogatory as premature because discovery has not yet concluded. Defendant further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving any of the foregoing General and specific objections, Defendant responds based on personal knowledge and a reasonable inquiry as follows: Defendant does not know if such Documents existed and were thereafter lost or destroyed. To the extent any such Documents existed and were later lost or destroyed, Defendant does not know how and why such Documents were lost or destroyed, and when, except the following may be relevant to this:

For decades, Defendant previously resided with his girlfriend at 12 Pheasant Valley Drive, Corcoran, New York 11724 where he stored boxes in the garage containing some of Don Heck's belongings and documents, who had died in 1995. After Defendant's girlfriend passed away in 2014, Defendant left their house to move to a small studio apartment and therefore, took very few of these papers with him. Defendant believes that the aforementioned documents he had kept in the garage were destroyed when the new owner of the house took possession and cleaned it out.

Defendant reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 4:**

Describe Your efforts to identify, obtain, and/or collect Documents responsive to MCI's Requests for Production.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that information concerning Document-production efforts is more practically obtained through a deposition. *See* Southern District Local Rule 33.3(b). Defendant further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving any of the foregoing General and specific objections, Defendant responds based on personal knowledge and a reasonable inquiry, Defendant reviewed Marvel's Requests for Production and has made diligent searches, both physical and electronic, for relevant, responsive Documents in accordance with Defendant's responses to Marvel's Requests for Production. Defendant resides in a small studio apartment and has no storage facility outside his apartment. Defendant therefore diligently searched his apartment and computer for any

Documents responsive to Marvel's Requests. Defendant reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

Date: June 29, 2022                    By: _____ */s/ Marc Toberoff* _____
                                            Marc Toberoff

                                        TOBEROFF & ASSOCIATES, P.C.
                                        *mtoberoff@toberoffandassociates.com*
                                        23823 Malibu Road, Suite 50-363
                                        Malibu, CA 90265
                                        Tel: (310) 246-3333; Fax: (310) 246-3101

                                        *Attorneys for Keith A. Dettwiler*

## **VERIFICATION OF INTERROGATORY RESPONSES**

I, Keith A. Dettwiler, as Executor of the Estate of Donald L. Heck and Defendant in this matter, declare, based on a diligent and reasonable inquiry, that the foregoing answers are true and correct to the best of my personal knowledge.

I verify under penalty of perjury that the foregoing is true and correct.

DATED: June 29, 2022

Keith A. Dettwiler

- 16 -

## PROOF OF SERVICE

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On July 1, 2022, I caused the following document:

**DEFENDANT DETTWILER'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND INTERROGATORIES TO KEITH A. DETTWILER**

to be served as follows:

[ ]    **BY ELECTRONIC MAIL** - I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]    **BY MAIL** – I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On July 1, 2022, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer
dfeuer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067

Allen W. Burton
aburton@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036

Kendall Turner
kendallturner@omm.com
O'MELVENY & MYERS LLP
1625 I Street NW
Washington, DC 20006

 

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 1, 2022, at Malibu, California.

_____*/s/ Jaymie Parkkinen*_____
Jaymie Parkkinen