```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
MARVEL CHARACTERS, INC.,

                    Plaintiff,

          -against-                                                    21-7955 (LAK)


LAWRENCE D. LIEBER,

                    Defendant.
------------------------------------------x
MARVEL CHARACTERS, INC.,

                    Plaintiff,

          -against-                                                    21-7957 (LAK)


PATRICK S. DITKO,

                    Defendant.
------------------------------------------x
MARVEL CHARACTERS, INC.,

                    Plaintiff,

          -against-                                                    21-7959 (LAK)


KEITH A. DETTWEILER,

                    Defendant.
------------------------------------------x
```

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Defendants have moved in each of these cases to compel plaintiff to produce all responsive documents in each of six groups of requests for production ("RFPs"). They claim that the probable incompleteness of the production to date is evidence from alleged omissions in the materials turned over. Plaintiff has responded with a somewhat acrimonious response that does not dispute defendants' entitlement to any as yet unproduced documents in the six categories, but contends that is has made an appropriately diligent search and has produced whatever responsive

materials were found. It seeks monetary sanctions of $1,500 against each of the defendants for having made these motions.

There appears to be no practical way to resolve this *contretemps,* at least in its present posture, consistent the mandate that the Federal Rules be applied in a manner consistent with the just, speedy and inexpensive determination of civil cases. To be sure, a costly and time consuming inquiry into precisely what the plaintiff has done to comply with the RFPs, which itself would require production of documents concerning the document production already made not to mention depositions on the same subject and conceivably an evidentiary hearing – all for the purpose of deciding whether to enter an order requiring production of responsive documents and to impose $4,500 in sanctions. In view of the fact that plaintiff does not dispute that the documents that defendants wish to have the Court order the production are relevant and producible, there would be little point in engaging in that exercise on the existing showing. The Court will order production. If defendants believe that they can establish that plaintiff has withheld, and continues notwithstanding that order to withhold, any responsive documents that a diligent search consistent with any previous agreements among the parties would have revealed, they can move for contempt or other appropriate sanctions, bearing the risk that such a motion itself could result in sanctions on defendants if it were not sufficiently supported.

Accordingly, defendants' letter motion (21-cv-7955, Dkt 43; 21-cv-7957, Dkt 35; 21-cv-7959, Dkt 41) is granted. Plaintiff, on or before August 22, 2022, shall produce all previously unproduced documents described in the letter motion that can be found by a reasonably diligent search, subject to any prior and future agreements among the parties concerning the scope of the search(es) that plaintiff would previously or hereafter will undertake. Plaintiff's request for sanctions is denied.

The Court trusts that the parties will resolve any remaining disputes in a professional manner.

SO ORDERED.

Dated: July 27, 2022

/s/   Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge