# TOBEROFF & ASSOCIATES, P.C.

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
mtoberoff@toberoffandassociates.com

May 3, 2023

<u>Via CM/ECF</u>

The Honorable Lewis A. Kaplan
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**RE:** *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK—Defendants' Letter Requesting Page Extension

Dear Judge Kaplan:

On behalf of Defendant Lawrence D. Lieber ("Lieber"), Patrick S. Ditko ("Ditko"), and Keith A. Dettwiler ("Dettwiler") ("Defendants"), we write pursuant to Your Honor's Individual Rules of Practice to request an extension of the page limit applicable to Defendants' upcoming motion for summary judgment and their answering brief to Plaintiff's anticipated cross-motion for summary judgment, each not to exceed forty-five (45) pages.

The above-referenced cases have been consolidated for all pre-trial purposes (*see* Dkt. No. 38). Lieber is the co-author of "Thor," "Iron Man" and "Ant-Man." Dettwiler is the Executor of the estate of Donald L. Heck, the co-author of iconic characters including "Black Widow," "Iron Man" and "Hawkeye." Ditko is the Administrator of the estate of Stephen J. Ditko, the renowned comic book author best known for creating "Doctor Strange" and co-creating "Spider-Man," among others (collectively, the "Creators"). Defendants exercised their rights under the U.S. Copyright Act, 17 U.S.C. §304(c), to recover the U.S. copyright to the Creator's contributions (the "Works") by statutorily terminating their copyright transfers to Marvel from 1961 to 1976 when Marvel purchased their Works and first published the resulting comic book stories.

The termination right is arguably the most important authorial right in the Act, after copyright itself, as it enables authors to have some participation in the market value of their creations when it is no longer conjectural. *See* H.R. Rep. No. 94-1476, at 124 (1976).The sole statutory exemption from termination are "works made for hire." 17 U.S.C. §304(c). Thus Marvel, like most terminated grantees, asserted in retrospect that all the Works were "made for hire," and carries the burden of proving this statutory exception. *Woods v. Bourne Co.*, 60 F.3d 978, 993 (2d Cir. 1995).

In all cases, including the copyright termination context, the work-for-hire analysis is extremely fact-intensive, requiring courts to review each Creator's individual working relationship and the true circumstances under which he created the material in question. *See Urbont v. Sony Music Entm't*, 831 F.3d 80, 90 (2d Cir. 2016) ("turns on the parties' creative and financial arrangement as revealed by the record in each case.") (internal quotation marks

omitted); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 291 (2d Cir. 2002) (same). This factual inquiry requires detailed recitation, which is not well served by abridgement, and therefore supports an extension of the thirty-five page limit.

Further, Marvel has alleged that whether a work was "made for hire" turns on whether it was created at the "instance and expense" of Marvel's predecessor that registered the copyright to the comic books publishing the Creators' material. *See e.g., Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK, Dkt. 1, ¶¶ 1, 11, 22. Like the "work for hire" doctrine, itself, the "instance and expense" test has historically been described in variable, if not contradictory terms, adding to the complexity. Accordingly, proper application of the "instance" and "expense" prongs requires specific analysis of the record, further supporting the requested page extension.

For the foregoing reasons, Defendants respectfully request an order extending the page limit for Defendants' forthcoming motion for summary judgment from thirty-five to forty-five pages. We are available, at the Court's convenience, to answer any questions.

Respectfully submitted,

*/s/ Marc Toberoff*

Marc Toberoff
Toberoff & Associates, P.C.
Attorneys for Defendants