# EXHIBIT 7

products in commerce, as "commerce" is defined in the Federal Trade Commission Act, do forthwith cease and desist from:

    1. Representing, by use of any illustration, depiction or demonstration, alone or accompanied by oral or written statements, purporting to illustrate, depict or demonstrate any toy or related product, or the performance thereof, or representing in any other manner, directly or by implication, that any toy or related product contains a component or performs in any manner not in accordance with fact.

*It is further ordered*, That the respondent herein shall, within sixty (60) days after service upon it of this order, file with the Commission a report in writing setting forth in detail the manner and form in which it has complied with this order.

## IN THE MATTER OF

## MALE PUBLISHING CORP. ET AL.

CONSENT ORDER, ETC., IN REGARD TO THE ALLEGED VIOLATION OF SEC. 2(d) OF THE CLAYTON ACT

*Docket C-200. Complaint, July 26, 1962—Decision, July 26, 1962*

Consent order requiring ten publishers of magazines and comic books with the same address and a common controlling officer—publishing "Male", "Stag", "My Confessions", "My Romance", "Screen Stars", "True Action", "True Secrets", "Movie World", and "Men" magazines, among others—to cease discriminating in price in violation of Sec. 2(d) of the Clayton Act by paying promotional allowances to certain retail customers—some of whom operated chain retail outlets in railroad, airport, and bus terminals, and outlets in hotels and office buildings, and others of whom furnished services in connection with the handling of respondents' publications such as taking purchase orders and distributing, billing, and collecting—while not making such payments available on proportionally equal terms to their competitors, including drug chains, grocery chains, and other newsstands.

### COMPLAINT

The Federal Trade Commission, having reason to believe that the parties respondent named in the caption hereof and hereinafter more particularly designated and described, have violated and are now violating the provisions of subsection (d) of Section 2 of the Clayton Act (U.S.C. Title 15, Sec. 13), as amended by the Robinson-Patman Act, hereby issues its complaint stating its charges with respect thereto as follows:

PARAGRAPH 1. Respondent Male Publishing Corp. is a corporation organized and doing business under the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, New York, N.Y. Said respondent, among other things, has been engaged and is presently engaged in the business of publishing and distributing various publications including magazines and comic books under copyrighted titles including "Male." Respondent's sales of publications during the calendar year 1960 exceeded one million two hundred thousand dollars.

PAR. 2. Respondent Atlas Magazines, Inc., is a corporation organized and doing business under the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, New York, N.Y. Said respondent, among other things, has been engaged and is presently engaged in the business of publishing and distributing various publications including magazines and comic books under copyrighted titles including "Stag" and "My Confessions." Respondent's sales of publications during the calendar year 1960 exceeded one million four hundred thousand dollars.

PAR. 3. Respondent Official Magazine Corp. is a corporation organized and doing business under the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, New York, N.Y. Said respondent, among other things, has been engaged and is presently engaged in the business of publishing and distributing various publications including magazines under copyrighted titles including "My Romance", "Screen Stars", "True Action" and "True Secrets." Respondent's sales of publications during the calendar year 1960 exceeded six hundred fifty thousand dollars.

PAR. 4. Respondent Canam Publishers Sales Corp. is a corporation organized and doing business under the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, New York, N.Y. Said respondent, among other things, has been engaged and is presently engaged in the business of publishing and distributing various publications including comic books under copyrighted titles. Respondent's sales of publications during the calendar year 1960 exceeded forty-three thousand dollars.

PAR. 5. Respondent Bard Publishing Corp. is a corporation organized and doing business under the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, New York, N.Y. Said respondent, among other things, has been engaged and is presently engaged in the business of publishing and distributing various publications including comic books under copyrighted titles. Respondent's sales of publications during the calendar year 1960 exceeded forty-seven thousand dollars.

PAR. 6. Respondent Interstate Publishing Corp. is a corporation organized and doing business under the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, New York, N.Y. Said respondent, among other things, has been engaged and is presently engaged in the business of publishing and distributing various publications including magazines and comic books under the copyrighted titles including "Movie World." Respondent's sales of publications during the calendar year 1960 exceeded one hundred forty thousand dollars.

PAR. 7. Respondent Hercules Publishing Corp. is a corporation organized and doing business under the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, New York, N.Y. Said respondent, among other things, has been engaged and is presently engaged in the business of publishing and distributing various publications including comic books under copyrighted titles. Respondent's sales of publications during the calendar year 1960 exceeded forty-three thousand dollars.

PAR. 8. Respondent Leading Magazine Corp. is a corporation organized and doing business under the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, New York, N.Y. Said respondent, among other things, has been engaged and is presently engaged in the business of publishing and distributing various publications including comic books under copyrighted titles. Respondent's sales of publications during the calendar year 1960 exceeded sixty-one thousand dollars.

PAR. 9. Respondent Zenith Publishing Corp. is a corporation organized and doing business under the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, New York, N.Y. Said respondent, among other things, has been engaged and is presently engaged in the business of publishing and distributing various publications including magazines and comic books under copyrighted titles including "Men." Respondent's sales of publications during the calendar year 1960 exceeded seven hundred thousand dollars.

PAR. 10. Respondent Vista Publications, Inc. is a corporation organized and doing business under the laws of the State of New York, with its office and principal place of business located at 655 Madison Ave, New York, N.Y. Said respondent, among other things, has been engaged and is presently engaged in the business of publishing and distributing various publications including magazines and comic books under copyrighted titles. Respondent's sales of publications during the calendar year 1960 exceeded two hundred twenty thousand dollars.

Respondents Canam Publishers Sales Corp., Bard Publishing Corp., Interstate Publishing Corp., Hercules Publishing Corp., Leading Magazine Corp., Zenith Publishing Corp., and Vista Publications, Inc., are members of an unincorporated association known as the Marvel Comic Group. These respondents operate jointly under the trade name and style of Marvel Comic Group. Total sales of publications by the Marvel Comic Group during the calendar year 1960 exceeded one million three hundred thousand dollars.

PAR. 11. Respondent Martin Goodman is the controlling member of a partnership doing business under the trade name and style of Magazine Management Company, with his office and principal place of business located at 655 Madison Avenue, New York, N.Y. Through this partnership, Magazine Management Company, respondent Martin Goodman controls and operates approximately forty-eight corporations engaged, among other things, in the business of publishing and distributing various publications.

Respondent Martin Goodman is an officer of each of the corporations named as respondents above. He formulates, directs and controls the acts and practices of each corporate respondent either directly or through the partnership, Magazine Management Company; and his address is the same as that of each corporate respondent named herein.

PAR. 12. Publications published by all corporations named as respondents herein are distributed by said respondents to customers through their national distributor, Independent News Co., Inc., hereinafter referred to as Independent News.

Independent News has acted and is now acting as national distributor for the publications of several independent publishers, including the corporations named as respondents herein. Independent News, as national distributor of publications published by said respondents and other independent publishers, has performed and is now performing various services for these publishers. Among the services performed and still being performed by Independent News for the benefit of these publishers are the taking of purchase orders and the distributing, billing and collecting for such publications from customers. Independent News also had participated in the negotiations of various promotional arrangements with the retail customers of said publishers, including said respondents.

In its capacity as national distributor for respondents in dealing with the customers of respondents, Independent News served and is now serving as a conduit or intermediary for the sale, distribution and promotion of publications published by respondents.

PAR. 13. Respondents, through their conduit or intermediary, Independent News, have sold and distributed and now sell and distribute their publications in substantial quantities in commerce, as "commerce" is defined in the Clayton Act, as amended, to competing customers located throughout various States of the United States and in the District of Columbia.

PAR. 14. In the course and conduct of their business in commerce, respondents have paid or contracted for the payment of something of value to or for the benefit of some of their customers as compensation or in consideration for services or facilities furnished, or contracted to be furnished, by or through such customers in connection with the handling, sale or offering for sale of publications sold to them by respondents. Such payments or allowances were not made available on proportionally equal terms to all other customers of respondents competing in the distribution of such publications.

PAR. 15. As an example of the practices alleged herein, respondents have made payments or allowances to certain retail customers who operate chain retail outlets in railroad, airport and bus terminals, as well as outlets located in hotels and office buildings. Such payments or allowances were not offered or otherwise made available on proportionally equal terms to all other customers (including drug chains, grocery chains and other newsstands) competing with the favored customers in the sale and distribution of the publications of respondents. Among the favored customers receiving payments in 1960, and during the first six months of 1961, which were not offered to other competing customers in connection with the purchase and sale of respondents' publications were:

MALE PUBLISHING CORP.

| Customer: | Approximate Amount Received | |
|---|---|---|
| | 1960 | (Jan.–June) 1961 |
| ABC Vending Corp., Long Island City, N.Y. | $45.65 | $11.25 |
| Greyhound Post Houses, Forest Park, Ill. | 3,711.92 | 567.82 |
| Union News Co., New York, N.Y. | 4,546.74 | 1,086.76 |
| Garfield News, New York, N.Y. | 548.16 | 128.16 |
| Interstate Hosts, Los Angeles, Calif. | 123.48 | 0 |

ATLAS MAGAZINES, INC.

| | | |
|---|---|---|
| Greyhound Post Houses, Forest Park, Ill. | 4,081.48 | 510.60 |
| Sky Chefs, New York, N.Y. | 260.65 | 27.98 |
| Union News Co., New York, N.Y. | 5,316.68 | 1,453.34 |

OFFICIAL MAGAZINE CORP.

| | | |
|---|---|---|
| Greyhound Post Houses, Forest Park, Ill. | 443.55 | 146.53 |
| Union News Co., New York, N.Y. | 1,748.40 | 390.00 |

MARVEL COMIC GROUP

| | | |
|---|---:|---:|
| Union News Co., New York, N.Y. | 2,596.92 | 1,411.19 |
| Garfield News, New York, N.Y. | 425.14 | 100.90 |
| Greyhound Post Houses, Forest Park, Ill. | 2,144.56 | 335.58 |

Respondents made said payments to their favored customers on the basis of individual negotiations. Among said favored customers such payments were not made on proportionally equal terms.

PAR. 16. The acts and practices of respondents as alleged above are in violation of the provisions of subsection (d) of Section 2 of the Clayton Act, as amended.

### DECISION AND ORDER

The Commission having heretofore determined to issue its complaint charging the respondents named in the caption hereof with violation of subsection (d) of Section 2 of the Clayton Act, as amended, and the respondents having been served with notice of said determination and with a copy of the complaint the Commission intended to issue, together with a proposed form of order; and

The respondents and counsel for the Commission having thereafter executed an agreement containing a consent order, an admission by the respondents of all the jurisdictional facts set forth in the complaint to issue herein, a statement that the signing of said agreement is for settlement purposes only and does not constitute an admission by respondents that the law has been violated as set forth in such complaint, and waivers and provisions as required by the Commission's rules; and

The Commission, having considered the agreement, hereby accepts same, issues its complaint in the form contemplated by said agreement, makes the following jurisdictional findings, and enters the following order:

1. Respondent, Male Publishing Corp., is a corporation organized, existing and doing business under and by virtue of the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, in the city of New York, State of New York.

Respondent, Atlas Magazines, Inc., is a corporation organized, existing and doing business under and by virtue of the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, in the city of New York, State of New York.

Respondent, Official Magazine Corp., is a corporation organized, existing and doing business under and by virtue of the laws of the

State of New York, with its office and principal place of business located at 655 Madison Avenue, in the city of New York, State of New York.

Respondent, Canam Publishers Sales Corp., is a corporation organized, existing and doing business under and by virtue of the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, in the city of New York, State of New York.

Respondent, Bard Publishing Corp., is a corporation organized, existing and doing business under and by virtue of the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, in the city of New York, State of New York.

Respondent, Interstate Publishing Corp., is a corporation organized, existing and doing business under and by virtue of the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, in the city of New York, State of New York.

Respondent, Hercules Publishing Corp., is a corporation organized, existing and doing business under and by virtue of the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, in the city of New York, State of New York.

Respondent, Leading Magazine Corp., is a corporation organized, existing and doing business under and by virtue of the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, in the city of New York, State of New York.

Respondent, Zenith Publishing Corp., is a corporation organized, existing and doing business under and by virtue of the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, in the city of New York, State of New York.

Respondent, Vista Publications, Inc., is a corporation organized, existing and doing business under and by virtue of the laws of the State of New York, with its office and principal place of business located at 655 Madison Avenue, in the city of New York, State of New York.

Respondent Martin Goodman is the controlling member of a partnership doing business under the trade name and style of Magazine Management Company. He is also an officer of each of said corporations and his address is the same as that of said corporations.

Case 1:21-cv-07957-LAK   Document 70-7   Filed 05/19/23   Page 9 of 10

2. The Federal Trade Commission has jurisdiction of the subject matter of this proceeding and of the respondents.

ORDER

*It is ordered*, That respondents Male Publishing Corp., Atlas Magazines, Inc., Official Magazine Corp., Canam Publishers Sales Corp., Bard Publishing Corp., Hercules Publishing Corp., Interstate Publishing Corp., Leading Magazine Corp., Zenith Publishing Corp., and Vista Publications, Inc., all corporations, their respective officers, and Martin Goodman, individually, as an officer of each of said corporations and as controlling member of a partnership doing business under the trade name and style of Magazine Management Company, and respondents' employees, agents and representatives, directly or through any corporate or other device, in connection with the distribution, sale or offering for sale of publications including magazines and comic books in commerce, as "commerce" is defined in the amended Clayton Act, do forthwith cease and desist from:

> Paying or contracting for the payment of an allowance or anything of value to, or for the benefit of, any customer as compensation or in consideration for any services or facilities furnished by or through such customer in connection with the handling, offering for sale, sale or distribution of publications including magazines and comic books published, sold or offered for sale by respondents, unless such payment or consideration is affirmatively offered and otherwise made available on proportionally equal terms to all of their other customers competing with such favored customer in the distribution of such publications including magazines and comic books.

The word "customer" as used above shall be deemed to mean anyone who purchases from a respondent, acting either as principal or agent, or from a distributor or wholesaler where such transaction with such purchaser is essentially a sale by such respondent, acting either as principal or agent.

For purposes of this order, the individual respondent named herein shall be presumed to formulate, direct and control the policies, acts and practices of any corporation or other business enterprise in which his beneficial interest exceeds fifty per cent (50%) of the total. The "beneficial interest" of said respondent, within the meaning of the foregoing, shall be deemed to include the beneficial interest of any and all members of his immediate family by blood or marriage. Nothing contained herein shall be construed to prevent a due showing by said respondent that he does not in fact formulate, direct and control

2021MARVEL-0047438

the policies, acts and practices of any corporation or other business enterprise.

*It is further ordered*, That the respondents herein shall, within sixty (60) days after service upon them of this order, file with the Commission a report in writing setting forth in detail the manner and form in which they have complied with this order.

---

IN THE MATTER OF

## THOMPSON-HAYWARD CHEMICAL COMPANY

ORDER, ETC., IN REGARD TO THE ALLEGED VIOLATION OF SEC 2(a) OF THE CLAYTON ACT

*Docket 7527. Complaint, June 26, 1959—Decision, July 31, 1962*

Order dismissing, because of liquidation of the business concerned, complaint charging a manufacturer of liquid laundry bleach, with plants in Kansas and Texas, with price discrimination in violation of Sec. 2(a) of the Clayton Act.

### COMPLAINT

Pursuant to the provisions of the Clayton Act, and by virtue of the authority vested in it by said Act, the Federal Trade Commission, having reason to believe that Thompson-Hayward Chemical Company, a corporation, hereinafter referred to as respondent, has violated the provisions of subsection (a) of Section 2 of said Act (U.S.C., Title 15, Sec. 13), as amended by the Robinson-Patman Act, approved June 19, 1936, hereby issues its complaint stating its charges with respect thereto as follows:

PARAGRAPH 1. Respondent is a corporation organized, existing and doing business under and by virtue of the laws of the State of Missouri. Its office and principal place of business is located at 2915 Southwest Boulevard, Kansas City 8, Mo.

PAR. 2. Respondent is now, and for some time last past has been, engaged in the business of selling industrial and agricultural chemicals, some of which it manufactures, for use, consumption, and resale within various States of the United States. Respondent operates approximately 18 branches or divisions in 12 States, its total annual sales amounting to approximately $24 million.

Among said products which respondent manufactures is bleach, including liquid laundry bleach. One of its bleach plants is located in the State of Kansas and another in the State of Texas.

PAR. 3. Respondent is now, and for some time prior to the year 1954 has been, engaged in commerce, as "commerce" is defined in the Clay-