UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> LAWRENCE D. LIEBER, <br><br> Defendant and Counterclaimant. | Case No.: 1:21-cv-7955-LAK <br> and consolidated cases <br> 21-cv-7957-LAK and 21-cv-7959-LAK <br><br> Hon. Lewis A. Kaplan <br><br> **DECLARATION OF ELI BARD IN SUPPORT OF MARVEL CHARACTERS, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| MARVEL CHARACTERS, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> KEITH A. DETTWILER, in his capacity as Executor of the Estate of Donald L. Heck, <br><br> Defendant and Counterclaimant. | |
| MARVEL CHARACTERS, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> PATRICK S. DITKO, in his capacity as Administrator of the Estate of Stephen J. Ditko, <br><br> Defendant and Counterclaimant. | |

I, Eli Bard, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am Deputy Chief Counsel of Marvel Entertainment, LLC, and submit this declaration in support of Plaintiff Marvel Characters, Inc.'s ("MCI") motion for summary

judgment based on my personal knowledge and review of the documents referenced herein. If called and sworn as a witness, I could and would testify competently thereto.

2. The companies now known as "Marvel" were preceded by numerous predecessors-in-interest doing business as the Marvel Comics Group, including: Martin and Jean Goodman; their Magazine Management Company partnership; their wholly-owned entities Atlas Magazines, Inc., Canam Publisher Sales Corporation, Non-Pareil Publishing Corporation, Vista Publications, Inc., and Magazine Management Company, Inc. (New York); Perfect Film & Chemical Corporation (later renamed to Cadence Industries Corporation); Magazine Management Company, Inc. (Delaware); and Marvel Entertainment Group, Inc. (collectively, "Marvel").[1]

3. Marvel has conducted a reasonably diligent search for any checks to Steve Ditko from the 1960s and 1970s but has not been able to locate any. Marvel further conducted a reasonably diligent search for checks issued in the 1960s or 1970s to more than forty freelance contributors for their freelance contributions and produced any identified checks in this matter. In the *Kirby* litigation, Marvel previously searched for checks issued to any freelance contributors in the 1960s and 1970s and produced any identified checks in that matter (and all such checks have been re-produced here).

4. Attached hereto as **Exhibit 1**[2] is a composite of true and correct copies of Marvel corporate documents produced by Nanci Solo and Erik Colan (represented by the same counsel of

---

[1] Any capitalized terms otherwise undefined are defined in MCI's Local Rule 56.1 Statement filed concurrently with this declaration.

[2] For the Court's convenience, MCI has—where helpful—highlighted the key portions of certain exhibits.

record as Defendant Patrick Ditko) as part of consolidated discovery in this and other matters[3] with assorted Bates numbers between COLAN-0261 and COLAN-0299.

5. Attached hereto as **Exhibit 2** is a true and correct copy of the 1967 schedule of "Martin Goodman's Corporations" produced by MCI in this matter with the Bates numbers 2021MARVEL-0069701 – 2021MARVEL-0069704.

6. Attached hereto as **Exhibit 3** is a true and correct copy of the May 19, 1966 schedule of "Active Corporations and Magazines" produced by MCI in this matter with the Bates numbers 2021MARVEL-0069261 – 2021MARVEL-0069264.

7. Attached hereto as **Exhibit 4** is a true and correct copy of an undated schedule of Martin Goodman's corporations produced by MCI in this matter with the Bates number 2021MARVEL-0069792.

8. Attached hereto as **Exhibit 5** is a true and correct copy of Magazine Management Company's June 28, 1951 *Dun & Bradstreet* report produced by MCI in this matter with the Bates numbers 2021MARVEL-0069621 – 2021MARVEL-0069623.

9. Attached hereto as **Exhibit 6** is a true and correct copy of the July 24, 1957 opinion in *Gayle v. Magazine Management Co.*, 153 F. Supp. 861, 864 (D. Ala.), produced by MCI in this matter with the Bates numbers 2021MARVEL-0047410 – 2021MARVEL-0047415.

10. Attached hereto as **Exhibit 7** is a true and correct copy of the July 26, 1962 consent order in *In re Male Publishing Corp. et al.*, 61 F.T.C. 315, produced by MCI in this matter with the Bates numbers 2021MARVEL-0047431 – 2021MARVEL-0047439.

---

[3] The parties effectively consolidated discovery across the three matters formally consolidated for pre-trial purposes in this case and *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-05316-NRM-TAM (E.D.N.Y.) and *Marvel Characters, Inc. v. Hart-Rico*, No. 2:21-cv-07624-DMG-KES (C.D. Cal.).

11.     Attached hereto as **Exhibit 8** is a true and correct copy of the March 14, 1976 memorandum and order in *Cadence Industries Corp. v. Ringer*, 76 Civ. 339 (S.D.N.Y.), produced by MCI in this matter with the Bates numbers 2021MARVEL-0039411 – 2021MARVEL-0039444.

12.     Attached hereto as **Exhibit 9** is a true and correct copy of Cadence Industries Corporation's Answer, dated September 9, 1974, in *Jay K. Hoffman Presentations, Inc. v. Marvel Comics Group*, No. 86972/74 (N.Y.C. Civ. Ct.), produced by MCI in this matter with the Bates numbers 2021MARVEL-0039912 – 2021MARVEL-0039914.

13.     Attached hereto as **Exhibit 10** is a true and correct copy of the June 28, 1968 sale agreement between Perfect Film & Chemical Corporation, Martin and Jean Goodman, and their corporations, produced by MCI in this matter with the Bates numbers 2021MARVEL-0047305 – 2021MARVEL-0047334.[4]

14.     Attached hereto as **Exhibit 11** is a true and correct copy of the December 7, 1978 recordal of copyright assignment from Martin and Jean Goodman and their Marvel Comics Group entities to Cadence Industries Corporation produced by MCI in this matter with the Bates numbers 2021MARVEL-0008074 – 2021MARVEL-0008099.

15.     Attached hereto as **Exhibit 12** is a true and correct copy of the January 1, 1972 copyright assignment from Magazine Management Company, Inc. to Cadence Industries Corporation produced by MCI in this matter with the Bates numbers 2021MARVEL-0008100 – 2021MARVEL-0008102.

---

[4] MCI has not included the voluminous schedules attached thereto, but would be happy to provide them at the Court's request.

16.     Attached hereto as **Exhibit 13** is a true and correct copy of the December 29, 1986 copyright assignment from Cadence Industries Corporation to Marvel Entertainment Group, Inc. produced by MCI in this matter with the Bates numbers 2021MARVEL-0008103 – 2021MARVEL-0008202.

17.     Attached hereto as **Exhibit 14** is a true and correct copy of the "purchase agreement dated November 20, 1986 between New World Pictures, Ltd. and Cadence Industries Corporation" produced by MCI in this matter with the Bates numbers 2021MARVEL-0068494 – 2021MARVEL-0068565.[5]

18.     Attached hereto as **Exhibit 15** is a true and correct copy of the acquisition agreement dated as of November 4, 1988 by and among New World Entertainment, Ltd. and Andrews Group Incorporated relating to Marvel Entertainment Group, Inc. produced by MCI in this matter with the Bates numbers 2021MARVEL-0068190 – 2021MARVEL-0068236.[6]

19.     Attached hereto as **Exhibit 16** is a true and correct copy of the September 1, 1995 copyright assignment from Marvel Entertainment Group, Inc. to Marvel Characters, Inc. produced by MCI in this matter with the Bates numbers 2021MARVEL-0008203 – 2021MARVEL-0008281.

\*     \*     \*

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 19, 2023 in New York, NY.

By: _____
Eli Bard

---

[5] Outside of Schedule A, a description of the Marvel Comics Group business, MCI has not included the voluminous schedules attached thereto, but would be happy to provide them at the Court's request.

[6] MCI has not included the voluminous schedules attached thereto, but would be happy to provide them at the Court's request.