# EXHIBIT 1

RECEIVED
DEPARTMENT OF
TAXATION AND FINANCE

MAY 22 1970

CORPORATION TAX
BUREAU #3

RECEIVED
DEPARTMENT OF
TAXATION AND FINANCE

APR 29 1970

CORPORATION TAX
BUREAU #3

835947

**CERTIFICATE OF DISSOLUTION**

**OF**

**ATLAS MAGAZINES, INC.**

(Under Section 1003 of the Business Corporation Law)

———

Pursuant to the provisions of Section 1003 of the Business Corporation Law, the undersigned, being the holders of all of the outstanding shares of the corporation entitled to vote, hereby certify:

FIRST: That the name of the corporation is ATLAS MAGAZINES, INC.

SECOND: That the Certificate of Incorporation of the corporation was filed in the office of the Secretary of State, Albany, New York, on the 17th day of March, 1952.

THIRD: That the names and addresses of the officers and directors of the corporation are as follows:

| Names | Addresses | Position |
|---|---|---|
| MARTIN GOODMAN | 849 Smith Lane Woodmere, New York | President and Director |
| CHARLES GOODMAN | 14 East End Avenue New York, New York | Vice-President and Director |
| MILTON SCHIFFMAN | 526 East 20th Street New York, New York | Secretary, Treasurer and Director |

COLAN-0261

C.T.90 (10.67)

**NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE**
**CORPORATION TAX BUREAU, ALBANY, N.Y. 12226**

To:  Secretary of State                                                                Date:      5/22/70

Pursuant to provisions of Section 1004 of Article 10 of the Business Corporation Law, the State Tax
Commission hereby consents to the dissolution of    ATLAS MAGAZINES, INC.
if filed on or before    1/31/71

                                                                    (13-1669137)

Attached are dissolution papers and $10.00 fee.

Filed by:

    • U. S. CORP.

                                                                    Edward A. Doran
                                                                    Deputy Tax Commissioner

                                        3                           By Jeanne A. Marchitto

COLAN-0262

FOURTH:  That the said corporation elects to dissolve.

FIFTH:   That the dissolution of the corporation was authorized by the unanimous written consent of the holders of all outstanding shares entitled to vote thereon without a meeting pursuant to Section 615(a) and (b) of the Business Corporation Law.

IN WITNESS WHEREOF, this Certificate has been signed this 20th day of January, 1970.

_____
Martin Goodman, Stockholder

_____
Jean Goodman, Stockholder

STATE OF NEW YORK )
                 : SS.:
COUNTY OF NEW YORK)

MARTIN GOODMAN and JEAN GOODMAN, being duly sworn, depose and say that they are the sole stockholders of ATLAS MAGAZINES, INC., the corporation mentioned and described in the foregoing instrument; that they have read and signed the same and that the statements contained therein are true.

_____
Martin Goodman

_____
Jean Goodman

Sworn to before me this 20th day of January, 1970.

_____
Notary Public
MICHAEL E. SCHULTZ
Notary Public, State of New York
No. 31-8369910
Qualified in New York County
Commission Expires March 30, 19 70

COLAN-0263



RECEIVED
DEPARTMENT OF
TAXATION AND FINANCE

APR 22 1970

CORPORATION TAX
BUREAU /3

**CERTIFICATE OF DISSOLUTION**

**OF**

**CANAM PUBLISHERS SALES, CORP.**

(Under Section 1003 of the Business Corporation Law)

———————

Pursuant to the provisions of Section 1003 of the
Business Corporation Law, the undersigned, being the holders
of all of the outstanding shares of the corporation entitled
to vote, hereby certify:

FIRST:    That the name of the corporation is
CANAM PUBLISHERS SALES, CORP.

SECOND:    That the Certificate of Incorporation
of the corporation was filed in the office of the Secretary
of State, Albany, New York, on the 6th day of February, 1948.

THIRD:    That the names and addresses of the
officers and directors of the corporation are as follows:

| Names | Addresses | Position |
|---|---|---|
| MARTIN GOODMAN | 849 Smith Lane<br>Woodmere, New York | President and<br>Director |
| CHARLES GOODMAN | 14 East End Avenue<br>New York, New York | Vice-President<br>and Director |
| MILTON SCHIFFMAN | 526 East 20th Street<br>New York, New York | Secretary,<br>Treasurer and<br>Director |

COLAN-0264

C T.90 (10.67)

**NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE**
**CORPORATION TAX BUREAU, ALBANY, N.Y. 12226**

To:  Secretary of State                                        Date:  5/7/70

Pursuant to provisions of Section 1004 of Article 10 of the Business Corporation Law, the State Tax
Commission hereby consents to the dissolution of   CANAM PUBLISHERS SALES, CORP.
if filed on or before   1/31/71

Attached are dissolution papers and $10.00 fee.                    (13-6137797)

Filed by:

        U. S. CORP.

                                                        Edward A. Doran
                                                        Deputy Tax Commissioner

                                                        By

COLAN-0265

FOURTH:    That the said corporation elects to dissolve.

FIFTH:    That the dissolution of the corporation was authorized by the unanimous written consent of the holders of all outstanding shares entitled to vote thereon without a meeting pursuant to Section 615(a) and (b) of the Business Corporation Law.

IN WITNESS WHEREOF, this certificate has been signed this 20th day of January , 1966.

_____
Martin Goodman, Stockholder

_____
Jean Goodman, Stockholder

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF NEW YORK   )

MARTIN GOODMAN and JEAN GOODMAN, being duly sworn, depose and say that they are the sole stockholders of CANAM PUBLISHERS SALES CORP., the corporation mentioned and described in the foregoing instrument; that they have read and signed the same and that the statements contained therein are true.

_____
Martin Goodman

_____
Jean Goodman

Sworn to before me this 20th day of January, 1966

_____
Notary Public

MICHAEL E. SCHULZ
Notary Public, State of New York
No. 31-8584910
Qualified in New York County
Commission Expires March 30, 1977

RECEIVED
DEPARTMENT OF
TAXATION AND FINANCE
APR 22 1970
CORPORATION TAX
BUREAU

**CERTIFICATE OF DISSOLUTION**

**OF**

**NON-PAREIL PUBLISHING CORPORATION**

(Under Section 1003 of the Business Corporation Law)

---

Pursuant to the provisions of Section 1003 of the
Business Corporation Law, the undersigned, being the holder
of all of the outstanding shares of the corporation entitled
to vote, hereby certifies:

FIRST:    That the name of the corporation is
NON-PAREIL PUBLISHING CORPORATION.

SECOND:    That the Certificate of Incorporation
of the corporation was filed in the office of the Secretary
of State, Albany, New York, on the 18th day of August, 1943.

THIRD:    That the names and addresses of the
officers and directors of the corporation are as follows:

| Names | Addresses | Position |
|-------|-----------|----------|
| MARTIN GOODMAN | 849 Smith Lane Woodmere, New York | President and Director |
| CHARLES GOODMAN | 14 East End Avenue New York, New York | Vice-President and Director |
| MILTON SCHIFFMAN | 526 East 20th Street New York, New York | Secretary, Treasurer and Director |

COLAN-0272

CY.80 (10-67)

**NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE**
**CORPORATION TAX BUREAU, ALBANY, N.Y. 12226**

To:  Secretary of State                                          Date:  5/7/70

Pursuant to provisions of Section 1004 of Article 10 of the Business Corporation Law, the State Tax
Commission hereby consents to the dissolution of    NON-PAREIL PUBLISHING CORP.
if filed on or before  1/31/71

Attached are dissolution papers and $10.00 fee.                    (13-6137878)

Filed by:

*U. S. CORP.
                                                          Edward A. Doran
                                                          Deputy Tax Commissioner
                                                      By

COLAN-0273

FOURTH:    That the said corporation elects to dissolve.

FIFTH:    That the dissolution of the corporation was authorized by the written consent of the holder of all outstanding shares entitled to vote thereon without a meeting pursuant to Section 615(a) and (b) of the Business Corporation Law.

IN WITNESS WHEREOF, this certificate has been signed this 9th day of January, 1968. 70

Martin Goodman, Stockholder

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF NEW YORK   )

MARTIN GOODMAN, being duly sworn, deposes and says that he is the sole stockholder of NON-PAREIL PUBLISHING CORP., the corporation mentioned and described in the foregoing instrument;  that he has read and signed the same and that the statements contained therein are true.

Martin Goodman

Sworn to before me this
9th day of January, 1968. 70

Notary Public

MICHAEL E. SCHULTZ
Notary Public, State of New York
No. 31-6859510
Qualified in New York County
Commission Expires March 30, 19 70

CERTIFICATE OF INCORPORATION

OF

ATLAS MAGAZINES, INC.

PURSUANT TO ARTICLE TWO OF THE STOCK CORPORATION LAW

. . . . .

WE, THE UNDERSIGNED, for the purpose of forming a corporation pursuant to Article Two of the Stock Corporation Law of the State of New York, do hereby certify:

FIRST: The name of the proposed corporation shall be

ATLAS MAGAZINES, INC.

SECOND: The purposes for which it is to be formed are:

To acquire, print, publish, conduct, circulate, sell, distribute, deliver and otherwise deal in and with any brochures, magazines, periodicals, journals, pamphlets, books and other publications of any and every description whatsoever, and generally to carry on the business of general publishers and printers.

To carry on the business of book making, book manufacturing, book selling, book binding, designing, engraving, lithographing, die casting, stereotyping, electrotyping and the making and printing of illustrations of every kind and character, by any and every process whatsoever; to secure, acquire, hold, own, use and sell copyrights and all

8197-21-1

rights of a similar nature or description; and to acquire, own, deal in and deal with all materials or articles of any kind and description used or useful in connection with any or all of the objects hereinbefore expressed, or of a character similar or analogous thereto.

To manufacture, purchase, or otherwise acquire, own, mortgage, pledge, sell, assign and transfer, or otherwise dispose of, to invest, trade, deal in and deal with, goods, wares and merchandise and real and personal property of every class and description.

To acquire, and pay for in cash, stock or bonds of this corporation or otherwise, the good will, rights, assets and property, and to undertake or assume the whole or any part of the obligations or liabilities of any person, firm, association or corporation engaged in the same or similar business.

To acquire, hold, use, sell, assign, lease, grant licenses in respect of, mortgage, or otherwise dispose of letters patent of the United States or any foreign country, patent rights, licenses and privileges, inventions, improvements and processes, copyrights, trade-marks and trade names, relating to or useful in connection with any business of this corporation.

To purchase, hold, sell, assign, transfer, mortgage, pledge or otherwise dispose of shares of the capital stock of, or any bonds, securities or evidences of indebtedness created by any other corporation or corporations organized under the laws of this state or any other state, country, nation or government, and while the owner thereof to exercise all the rights, powers and privileges of ownership.

8197-21 - 2 -

COLAN-0277

To borrow money and to issue bonds, debentures, or obligations of this corporation from time to time, for any of the objects or purposes of the corporation, and to secure the same by mortgage, pledge, deed of trust, or otherwise.

To purchase, hold, sell and transfer the shares of its own capital stock; provided it shall not use its funds or property for the purchase of its own shares of capital stock when such use would cause any impairment of its capital except as otherwise permitted by law; and provided further that shares of its own capital stock belonging to it shall not be voted upon directly or indirectly.

To have one or more offices, to carry on all or any of its operations and business and, without restriction or limit as to amount, to purchase or otherwise acquire, hold, own, mortgage, sell, convey or otherwise dispose of real and personal property of every class and description in any of the states, districts, territories or colonies of the United States, and in any and all foreign countries, subject to the laws of such state, district, territory, colony or country.

In general, to carry on any other similar business in connection with the foregoing, and to have and exercise all the powers conferred by the laws of New York upon corporations formed under the act hereinbefore referred to, and to do any or all of the things hereinbefore set forth to the same extent as natural persons might or could do.

The foregoing clauses shall be construed both as objects and powers, and it is hereby expressly provided that the foregoing enumeration of specific powers shall not be

8197-21 - 3 -

COLAN-0278

held to limit or restrict in any manner the powers of this corporation.

THIRD:  The total number of shares which may be issued by the corporation is one thousand (1,000) shares, all of which are to be without par value.

Such shares without par value may be issued from time to time for such consideration as from time to time may be fixed by the board of directors.

FOURTH:  The capital of the corporation shall be at least equal to the sum of the aggregate par value of all issued shares having par value, plus the aggregate amount of consideration received by the corporation for the issuance of shares without par value, plus such amounts as from time to time, by resolution of the board of directors, may be transferred thereto.

FIFTH:  The office of the corporation is to be located in the City of New York, County of New York, State of New York.

The address to which the Secretary of State shall mail a copy of process in any action or proceeding against the corporation which may be served upon him is 270 Park Avenue, New York 17, N. Y.

SIXTH:  The duration of the corporation shall be perpetual.

SEVENTH:  The number of its directors shall not be less than three (3) nor more than seven (7).  Directors need not be stockholders.

8197.21 -4-

COLAN-0279

EIGHTH:  The names and post-office addresses of the directors until the first annual meeting of the stockholders are:

| NAMES | POST-OFFICE ADDRESSES |
|---|---|
| MARTIN GOODMAN | 350 Fifth Avenue, New York, N. Y. |
| ARTHUR MARCHAND | 350 Fifth Avenue, New York, N. Y. |
| MONROE FROEHLICH, JR. | 350 Fifth Avenue, New York, N. Y. |

NINTH:  The name and post-office address of each subscriber of this certificate of incorporation and a statement of the number of shares of stock which each agrees to take in the corporation are:

| NAME | POST-OFFICE ADDRESS | NO. OF SHARES |
|---|---|---|
| FREDERICK FARRAN | 120 Broadway, New York, N. Y. | 1 |
| WILLIAM R. BADGER | 120 Broadway, New York, N. Y. | 1 |
| WILLIAM A. HAMLIN | 120 Broadway, New York, N. Y. | 1 |

TENTH:  All of the subscribers of the certificate are of full age, at least two-thirds of them are citizens of the United States, at least one of them is a resident of the State of New York and at least one of the persons named as a director is a citizen of the United States and a resident of the State of New York.

ELEVENTH:  The Secretary of State is designated as the agent of the corporation upon whom process in any action or proceeding against the corporation may be served.

TWELFTH:  No holder of stock of the corporation

8195-21-5-

COLAN-0280

shall have any right as such holder to subscribe for or to buy from the corporation any stock, whether such stock be a part of the presently authorized stock or a part of any future increase thereof, or any bonds, notes, debentures or other securities convertible into stock of the corporation which the corporation may from time to time issue; and the corporation shall have the right, from time to time, without first offering the same to the holders of stock of any class then outstanding, to issue and sell shares of its stock of any class, or any such bonds, notes, debentures or other securities convertible into stock, to such person or persons as its board of directors from time to time shall determine.

IN WITNESS WHEREOF, we have made, signed and acknowledged this certificate, this 14th day of March A. D. 1952.

*Frederick Farran*

*William R. Bridges*

*William A. Hamlin*

8197-21-6-

COLAN-0281

STATE OF NEW YORK } ss:
COUNTY OF NEW YORK }

On this 14th day of March A.D. 1952, before me
personally came FREDERICK FARRAN, WILLIAM R. BADGER and
WILLIAM A. HAMLIN, to me known, and known to me to be the
persons described in and who executed the foregoing certifi-
cate, and they severally duly acknowledged to me that they
had executed the same.

*Robert K. Cockingham*

COCKINGHAM
..., State of New York
...ed in Kings County
No. 24-5504300
Cert filed in N. Y. Co. Clerks
Commission Expires March 30, 1953

8197-21-7-

COLAN-0282

CERTIFICATE OF INCORPORATION

-of-

CANAM PUBLISHERS SALES CORP.

Pursuant to Article Two of the Stock Corporation Law.

• • • • • • • • • • • • • • • • •

WE, THE UNDERSIGNED, for the purpose of forming a corporation, pursuant to Article Two of the Stock Corporation Law of the State of New York, do hereby certify:

FIRST: The name of the proposed corporation shall be CANAM PUBLISHERS SALES CORP.

SECOND: The purposes for which it is to be formed are:

To acquire, print, publish, conduct, circulate and sell or otherwise deal with any magazines or magazines, books, pamphlets, catalogues and any and all other kinds of publications, and generally to carry on the business of magazine proprietors and general publishers, and to buy and sell and generally deal in the publication rights in all its aspects with respect to any of the aforesaid.

To buy, sell, import, export, exchange and in any other way deal and traffic in magazines, books, pamphlets, photographs, pictures, prints, and any and all other kinds and types of literary productions and works of art of every description, on any and all subjects, in any and all bindings and in any and all languages.

To carry on a general advertising business, to prepare, illustrate and place advertising matter in all periodicals, prepare and supply books, pamphlets, catalogues and other printed matter for advertising purposes, and to engage in such business and act in such capacity both as agent and/or principal, and to construct, erect, lease, hire, purchase or otherwise acquire, billboards, buildings and any other type of structure suitable and permissive for advertising purposes.

To apply for, acquire, buy, sell, assign, lease, pledge, exchange or otherwise dispose of letters patent of the United States or any foreign country, and all or any rights, licenses held, sold...

COLAN-0284

To purchase, hold, sell, assign, transfer, mortgage, pledge or otherwise dispose of shares of capital stock of, any bonds, securities, or evidences of indebtedness created by any other corporation or corporations organized under the laws of this state or any other state, country, nation, or government, and while the owner thereof to exercise all the rights, powers, and privileges of ownership.

To issue bonds, debentures, or obligations of this corporation from time to time, for any of the objects or purposes of the corporation, and to secure the same by mortgage, pledge, deed of trust, or otherwise.

To purchase, hold, sell and transfer the shares of its own capital stock, provided it shall not use its own funds or property for the purchase of its own shares of capital stock when such use would cause an impairment of its capital; and provided further, that shares of its own capital stock belonging to it shall not be voted on directly or indirectly.

To have one or more if its offices, to carry on all or any of its operations and business and without restrictions or limit as to amount to purchase or otherwise acquire, hold, own, mortgage, sell, convey or otherwise dispose of real and personal property of any class and description in any of the states, districts, territories, or colonies of the United States, and in any and all foreign countries, subject to the laws of such state, district, territory, colony or country.

In general, to carry on any other similar business in connection with the foregoing and to have and exercise all the powers conferred by the laws of the State of New York upon corporations formed under the Act hereinbefore referred to, and to do any and all other things hereinabove set forth to the same extent as natural persons might or could do.

The foregoing clauses shall be construed as both objects and powers, and it is hereby expressly provided for that the foregoing enumeration of specific powers shall not be held to limit or restrict in any manner the powers of this corporation.

THIRD: The total number of shares that may be issued by the corporation is one hundred (100) shares, all of which are to be without par value, and to be common stock.

FOURTH: The capital of the corporation shall be at least equal to the sum of the aggregate par value of all issued shares having par value, plus the aggregate amount of consideration received by the corporation for the issuance of shares without par value, plus such amounts as, from time to time, by resolution of the Board of Directors, may be transferred thereto.

7213.10f 2

COLAN-0285

FIFTH: The office of the corporation shall be located in the City, County and State of New York; and the address to which the Secretary of State shall mail a copy of process in any action or proceeding against the corporation, which may be served upon him, is 350 Fifth Avenue, in the Borough of Manhattan, City and State of New York.

SIXTH: The duration of the corporation shall be perpetual.

SEVENTH: The number of directors shall be three who need not be stockholders of the corporation.

EIGHTH: The names and post office addresses of the Directors until the first annual meeting of the stockholders are:

| NAME | POST OFFICE ADDRESS |
|---|---|
| JACOB GROSSMAN | 2032 82nd Street, Brooklyn, New York. |
| ROBERT LEVY | 210 West 101st Street, New York City. |
| GRACE BRANDEIS | 780 East 2nd Street, Brooklyn, New York. |

NINTH: The names and post office address of each subscriber of the Certificate of Incorporation and a statement of the number of shares which each agrees to take in the corporation are as follows:

| NAME | POST OFFICE ADDRESS | NO. OF SHARES |
|---|---|---|
| JACOB GROSSMAN | 2032 82nd Street, Brooklyn, New York. | 1 |
| ROBERT LEVY | 210 West 101st Street, New York City. | 1 |
| GRACE BRANDEIS | 780 East 2nd Street, Brooklyn, New York. | 1 |

TENTH: All the subscribers of this Certificate are of full age, at least two-thirds of them are citizens of the United States, at least one of the persons named as Director is a citizen of the

COLAN-0286

United States and a resident of the State of New York.

    ELEVENTH: The Secretary of State of the State of New York is hereby designated as the agent of the corporation upon whom process in any action or proceeding against it may be served.

    TWELFTH: The meeting of the board of Directors shall be held only in the State of New York.

    IN WITNESS WHEREOF, we have made, subscribed and acknowledged this certificate this 5th day of February, in the year 1948.

*Jacob Grossman*

*Robert Levy*

*Grace Brandeis*

STATE OF NEW YORK )
               ) SS.
COUNTY OF NEW YORK )

    On this 5th day of February, 1948, before me personally came JACOB GROSSMAN, ROBERT LEVY, and GRACE BRANDEIS, to me known and known to me to be the persons described in and who executed the foregoing Certificate of Incorporation, and they thereupon severally duly acknowledged to me that they executed the same.

*Einar R. Anderson*

CERTIFICATE OF INCORPORATION

OF

NON-PAREIL PUBLISHING CORPORATION

Pursuant to Article Two of the Stock Corporation Law

* * * * * * * * * * * * *

WE, THE UNDERSIGNED, for the purpose of forming a
corporation pursuant to Article Two of the Stock Corpor-
ation Law of the State of New York, do hereby certify:

FIRST: The name of the proposed corporation shall
be NON-PAREIL PUBLISHING CORPORATION.

SECOND: The purposes for which it is to be formed
are:

To acquire, print, publish, conduct, circulate
and sell or otherwise deal with any magazine or
magazines, books, pamphlets, catalogues and any
and all other kinds of publications, and generally
to carry on the business of magazine proprietors
and general publishers.

To buy, sell, import, export, exchange and in any
other way deal and traffic in magazines, books,
pamphlets, photographs, pictures, prints, and any
and all other kinds and types of literary pro-
ductions and works of art of every description,
on any and all subjects, in any and all bindings
and in any and all languages.

To carry on a general advertising business, to
prepare, illustrate and place advertising matter
in all periodicals, prepare and supply books,
pamphlets, catalogues and other printed matter
for advertising purposes, and to engage in such
business and act in such capacity both as agent
and/or principal, and to construct, erect, lease,
hire, purchase or otherwise acquire, billboards,
buildings and any other type of structure suit-
able and permissive for advertising purposes.

To apply for, acquire, buy, sell, assign, lease,
pledge, mortgage or otherwise dispose of letters
patent of the United States or of any foreign
country, and all or any rights, territorial or
otherwise, thereunder. To apply for, acquire,
hold, sell, assign, lease, mortgage or otherwise
dispose of patent rights, licenses, privileges,
inventions, processes, trademarks, trade-names,

6174-49-1

COLAN-0295

brands, distinctive marks, improvements, copy-
rights and pending applications therefor, re-
lating to or useful in connection with any
business of the corporation. To use, manufac-
ture, or grant licenses under any letters pat-
ent owned or controlled by the company, and to
expend money in the experimenting upon and
testing the validity or value of any patent
rights the company may acquire or proposes to
acquire.

To purchase, hold, sell, assign, transfer,
mortgage, pledge or otherwise dispose of shares
of capital stock of, any bonds, securities or
evidences of indebtedness created by any other
corporation or corporations organized under the
laws of this state or any other state, country,
nation or government, and while the owner there-
of to exercise all the rights, powers and priv-
ileges of ownership.

To issue bonds, debentures, or obligations of
this corporation from time to time, for any of
the objects or purposes of the corporation, and
to secure the same by mortgage, pledge, deed of
trust or otherwise.

To purchase, hold, sell and transfer the shares
of its own capital stock, provided it shall not
use its own funds or property for the purchase
of its own shares of capital stock when such
use would cause an impairment of its capital;
and provided further, that shares of its own
capital stock belonging to it shall not be voted
on directly or indirectly.

To have one or more of its offices, to carry on
all or any of its operations and business and
without restrictions or limit as to amounts to
purchase or otherwise acquire, hold, own, mort-
gage, sell, convey or otherwise dispose of real
and personal property of any class and descrip-
tion in any of the states, districts, territories,
or colonies of the United States, and in any and
all foreign countries, subject to the laws of
such state, district, territory, colony or country.

In general, to carry on any other similar business
in connection with the foregoing and to have and
exercise all the powers conferred by the laws of
the State of New York upon corporations formed
under the Act hereinbefore referred to, and to do
any and all other things hereinbefore set forth
to the same extent as natural persons might or
could do.

The foregoing clauses shall be construed as both
objects and powers, and it is hereby expressly
provided for that the foregoing enumeration of
specific powers shall not be held to limit or re-
strict in any manner the powers of this corporation.

6174- 49-2

COLAN-0296

THIRD: The total number of shares that may be issued by the corporation is one hundred (100) shares, all of which are to be without par value, and to be common stock.

FOURTH: The capital of the corporation shall be at least equal to the sum of the aggregate par value of all issued shares having par value, plus the aggregate amount of consideration received by the corporation for the issuance of shares without par value, plus such amounts as, from time to time, by resolution of the Board of Directors, may be transferred thereto.

FIFTH: The office of the corporation shall be located in the City, County and State of New York; and the address to which the Secretary of State shall mail a copy of process in any action or proceeding against the corporation, which may be served upon him, is 350 Fifth Avenue, in the Borough of Manhattan, City and State of New York.

SIXTH: The duration of the corporation shall be perpetual.

SEVENTH: The number of directors shall be three.

EIGHTH: The names and post office address of the Directors, until the first annual meeting of the stockholders are:

| NAMES | POST OFFICE ADDRESS |
|---|---|
| MARTIN GOODMAN | Smith Lane Hewlett Neck, L. I. New York |
| JEAN GOODMAN | Smith Lane Hewlett Neck, L. I. New York |
| JEROME A. PERLES | 160 Ocean Avenue Woodmere, Long Island New York |

6174-49-3

COLAN-0297

NINTH:  The names and post office address of each
subscriber of the Certificate of Incorporation and a state-
ment of the number of shares which each agrees to take in
the corporation are as follows:

| NAMES | POST OFFICE ADDRESS | NO. OF SHARES |
|---|---|---|
| MARTIN GOODMAN | Smith Lane<br>Hewlett Neck, L. I.<br>New York | 1 |
| JEAN GOODMAN | Smith Lane<br>Hewlett Neck, L. I.<br>New York | 1 |
| JEROME A. PERLES | 160 Ocean Avenue<br>Woodmere, L. I.<br>New York | 1 |

TENTH:  All the subscribers of this Certificate
are of full age, at least two-thirds of them are cit-
izens of the United States, at least one of them is a res-
ident of the State of New York, and at least one of the
persons named as Director is a citizen of the United States
and a resident of the State of New York.

ELEVENTH:  The Secretary of State of the State of
New York is hereby designated as the agent of the cor-
poration upon whom process in any action or proceeding
against it may be served.

TWELFTH:  The meeting of the Board of Directors shall
be held only in the State of New York.

IN WITNESS WHEREOF, we have made and subscribed
this certificate in triplicate, this 16th day of August 1943.

COLAN-0298

State of New York    :
County of New York   :   ss.:
City of New York     :

      On this 16th day of ~~~~~ 1943 before me
personally came MARTIN GOODMAN, JEAN GOODMAN and JEROME A.
PERLES to me known and known to me to be the persons
described in and who executed the foregoing Certificate of
Incorporation. and they thereupon severally duly acknow-
ledged to me that they executed the same.

                                    _Sylvia Fugua_

                                SYLVIA FUGUA

MW

                 6174-49-5

COLAN-0299